## Case No. 10,879.

### PEARSON v. JAMISON.

[1 McLean, 197.] [1]

Circuit Court, D. Kentucky.   Nov. Term, 1833.

EXECUTORS—DELEGATION OF POWER TO SELL— SALE BY HEIR AT LAW.

1. Where an executor, by the will, is empowered to sell real estate in the best mode in his judgment. for the interest of the estate, he cannot delegate the power to another.
[Cited in Clinefelter v. Ayres, 16 Ill. 333. Cited in brief in Tatum v. Holliday, 59 Mo. 423. Distinguished in Whittier v. Winkley, 62 N. H. 338.]

2. It is a case of special trust and confidence, and is personal to the executor.

3. Where a sale was made under such circumstances and the consideration paid, the heir at law may sell the same estate; the first sale being void.

In equity.

Mr. Haggin, for complainant.
Mr. Wickliffe, for defendant.

OPINION OF THE COURT. The bill states that John Jamison, who owned several tracts of land in the Western country, made his will, authorizing his executor to sell all, &c. The executor conferred authority on a person by the name of John Jamison to sell the land, who did sell, or rather contracted to sell, and gave bond for a conveyance of twelve hundred acres in the Green river country, and the purchaser shortly afterwards entered into possession and still remains in possession. Afterwards a certain John Jamison, who was heir at law to the deceased, having attained full age, sold the same tract to the complainant; and in 1815 made a deed of conveyance for the same. E. B. Pearson found the defendant in possession. The land was afterwards redeemed by the complainant from a sale for taxes. He had no covenant from the heir upon which he could sue at law; he therefore files his bill to cancel the contract with Jamison and recover back the money paid as the price of the land, and the amount paid to redeem for tax sales, &c.

The answer insists that the sale by the attorney of the executor was not valid, and that the contract made with the complainant is valid. &c.

The following is a copy of that part of the will which applies to the case: "It is my will and desire that all debts due to me of every description whatever, as well as all the real property which I possess (except. &c.) shall be a fund in the hands of my executor, hereinafter named, for the payment

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

of my just debts; and I hereby give to him a full and complete power and authority to dispose of the real property aforesaid, in the best mode he may find convenient or may judge proper for the interest of the estate in the payment of all my just debts," &c. John McNeal, Esquire, was made executor. If the sale made by the executor be invalid, it would follow, that the sale made by the heir at law is valid; and that there is no ground on which this court can rescind the contract, set forth in the bill, with the complainant. The power vested in the executor is a power coupled with an interest; but it was a case in which the testator reposed special confidence in the executor. He was to sell the land in the best mode. in his judgment, for the interest of the estate. It was then a special case of trust and confidence. Not only was there confidence reposed in the integrity of the executor, but also in his capacity for the business, and in his judgment. And this is a case where the agent or executor cannot make an appointment of any other individual to execute the trust. The time and manner of the sale, as also the price at which the land shall be sold, are subjects which are to be acted on and decided by the executor, and not by any other person, whom he shall substitute for this purpose. Where a particular act is directed to be done which does not require the exercise of judgment, a substitution is admissible. Because the particular thing is directed to be done, and there is no discretion to be exercised on the subject. But the case under consideration is widely different from this. The testator reposing special trust in the judgment of his executor, directed his real estate to be sold, in the mode that the executor should think best, for the interest of the estate. The discretion of the executor only, could govern in the exercise of this power. And we think that the sale made by the agent of the executor was not binding, in not having been made within the scope and meaning of the power given in the will. Sugd. Powers, 175; Id. pp. 391–398, c. 6, § 3; Maddison v. Andrew, 1 Ves. Sr. 57; Witts v. Boddington, 3 Brown, Ch. 95; Cole v. Wade, 16 Ves. 27. And by the decision of this point, in this way, it follows as a matter of course that the sale to the plaintiff by the heir at law, is valid.

The court, therefore, entered the following decree: It seems to the court that the power conferred by the testator, John Jamison, to his executor, McNeal, to make sale of the lands, was personal and could not be exercised by proxy. That the contract, therefore, by John Jamison, as the agent of McNeal, the executor, for the sale of the tract of land in the bill mentioned, is void, and passed no interest to Haines or his assignee, and can, therefore, oppose in law no obstruction to the recovery of the land, by the complainant, of the tenants in possession. It is therefore decreed and ordered that the bill of the complainant be dismissed.