Barnard, P. J.
The case for the plaintiff rested entirely upon the fact that Thomas L. Disbrow the father of the defendant was her agent. The defendant owned lands and Disbrow placed them in the hands of the plaintiff to sell as a broker.
The plaintiff gave a permit to one Alden to see the premises and Alden went and inspected them.
The defendant lived in the house with her father and mother and was aware that Alden was looking at the property with a view of purchasing it. The relationship of the parties and circumstances proven by plaintiff render it extremely probable that Disbrow was acting with the assent and perhaps with the authority of the defendant, but as proof of the fact it fails. Relationship is not a ground upon which agency can be assumed. Ritch v. Smith, 82 N. Y., 627.
The relationship and the surrounding circumstances are equally consistent with an agency and an assumption of agency in Disbrow which he did not have.
The question is set at rest by the testimony of the defendant herself who was called by the plaintiff and she testified as follows upon the question: “I never authorized my father to act as my agent in any respect.”
The knowledge upon the part of the defendant that the plaintiff was a real estate broker and that he gave a permit to Alden to see the premises is not a ratification of an assumed agency. She was never told of her father’s unauthorized-act and after knowledge proceeded to adopt the same.
She could permit an applicant to examine her land at plaintiff’s request without carrying with it a ratification of an assumed agency of which she is not shown to have had knowledge.
The judgment should be affirmed with costs.