BERGER AND ICARD, *Executors of* ICARD, *against* DUFF.

Where a power is given to *executors* to sell the estate, or certain parts of it, it is a personal trust and confidence, and they cannot sell by attorney.

Thus, where *A.* authorized his executors, *B.* and *C.*, to sell certain lots of land, if, under the circumstances of the times, they should deem it prudent; and *C.* having gone abroad, sent a power of attorney to *B.*, his co-executor, to sell the land, on such terms as he should deem expedient: *Held,* that an agreement for the sale, entered into by *B.*, for himself and *C.*, was not valid, and a bill filed for a specific performance of it, was, accordingly, dismissed.

*March 9th.* THE bill stated, that *Joseph Icard*, by will, authorized the plaintiffs, as his executors, and the survivor of them, to sell two lots of land in the city of *New-York*, if imperious circumstances of the times, or the extreme hazard of depreciation in value of that property, should, in the best judgment of the plaintiffs, render it prudent to sell the same. That after the death of the testator, the plaintiffs assumed the trust as executors, and the plaintiff, *Icard*, went to *France*, where he resided when the bill was filed. That on the 10th of *October*, 1818, at *Paris*, he, by power of attorney duly executed, authorized the other plaintiff, as his co-executor, to sell the said lots of land, upon such terms and conditions as he should deem expedient. The bill stated the great depreciation and daily diminishing value of the property, and that it was best to sell it, and that the plaintiffs agreed to sell to the defendant one of the lots, being No. 308 *Broadway*, with the buildings thereon, for 15,500 dollars, and that the defendant now refused to accept a deed, or to pay, &c. *Prayer* for a specific performance of the agreement.

The defendant, in his answer, admitted all the material

1820.

BERGER
v.
DUFF.

facts; but stated, that the agreement was made with the plaintiff *Berger*, and with the understanding, that the plaintiffs were to give a good title; and he insisted, that the plaintiff *Icard*, who is in *France*, cannot, by letter of attorney, authorize the plaintiff *Berger*, to execute the deed, and that the sale ought to be made by both of the executors in person, and not by attorney; and he submitted to the Court, whether a valid deed can be given, which, however, he was ready to accept.

The case was submitted upon the pleadings, and on the points raised out of them.

*J. T. Irving*, for the plaintiffs.

*D. S. Jones*, contra.

. THE CHANCELLOR. The executors cannot sell by attorney. The power given to them, by the will, was a personal trust and confidence, to be exercised by them jointly, according to their best judgment, under the circumstances contemplated by the will. One executor in this case cannot commit his judgment and discretion to the other, any more than to a stranger; for, *delegatus non potest delegari.* The testator intended, that his representatives should have the benefit of the judgment of each of the executors applied to the given case, so long as both of them were alive. The agreement to sell was not valid, being made by one executor, without the personal assent and act of the other. The power was not capable of transmission or delegation from one executor to the other, and the rule of law and equity, on this point, is perfectly well settled. (9 *Co.* 75. *Comb's* case. *Ingram* v. *Ingram*, 2 *Atk.* 88. Sir *Thomas Clarke*, in *Alexander* v. *Alexander*, 2 *Ves.* 643. Lord *Hardwicke*, in *Attorney General* v. *Scott*, 1 *Ves.* 417. Lord *Redesdale*, in 2 *Sch. & Lef.* 330. *Hawkins* v. *Kemp*, 3 *East*, 410. *Sugden on Powers*, (2d edit.) 167.)

The agreement was not, therefore, a due execution of the power under the will, and the bill must be dismissed without costs.

Bill dismissed.