LOUIS DE V. WILDER, Appellant, *v.* LA FAYETTE RANNEY et al., Executors, etc., Respondents.

Where by a will the title to real estate is vested in two executors in trust, with power to sell, one of the executors cannot, without the assent of the other, enter into a contract to convey, which will be valid and binding upon the other.

*It seems,* that as to personal property the rule is otherwise.

The fact, however, that by and under the terms of the will there is an equitable conversion for certain purposes of the real estate into personalty, does not change the rule as to it; until actual conversion it may only be conveyed as real estate, and the rules of law governing such conveyances remain applicable.

(Argued January 17, 1884; decided February 8, 1884.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made January 17, 1883, which affirmed a judgment in favor of defendants, entered upon a decision of the court on trial at Special Term.

This action was brought to compel a specific performance of

a covenant in a lease, for a sale and conveyance of the demised premises.

The material facts are stated in the opinion.

*William W. Badger* for appellant. In making the residuary fund, and in collecting and paying over its income as directed by the will, the executors acted only as executors, and not as trustees. (*Drake* v. *Price*, 5 N. Y. 431; 88 id. 21; *Bogert* v. *Hertell*, 4 Hill, 496–8, 500–2, 3.) One of two or more executors possesses the power of selling and disposing of the personal assets of the estate as fully as if all were to join in the act of transfer. (*Denne* v. *Judge*, 11 East, 288; 3 Edw. Ch. 27; *Meakings* v. *Cromwell*, 5 N. Y. 136, 144; Brightly's Dig. 166, § 526; *Taylor* v. *Morris*, 1 N. Y. 350; *Sharp* v. *Pratt*, 15 Wend. 610; *Bunner* v. *Storm*, 1 Sandf. Ch. 357, 358–9; *Conover* v. *Hoffman*, 1 Bosw. 214; *Niles* v. *Stevens*, 4 Denio, 399.) The same result seems to be reached under the statute that executors hold as joint tenant, which means that either may convey the whole. (1 R. S. 727, § 44; *Wheeler* v. *Wheeler*, 9 Cow. 34-5; Bacon's Abr., Executors, D.; *People* v. *Keyser*, 28 N. Y. 227; Willard on Executors, 209, 269; *Murray* v. *Blatchford*, 1 Wend. 583; *Jackson* v. *Robinson*, 4 id. 436; *Stuyvesant* v. *Hall*, 2 Barb. Ch. 151; *People* v. *Miner*, 37 Barb. 473; *Meeker* v. *Wright*, 76 N. Y. 272; 1 Washb. on Real Prop., star p. 412, § 17; *York* v. *Stone*, 1 Selk. 158; *Simpson* v. *Ammons*, 1 Binn. 175; *Taylor* v. *Morris*, 1 N. Y. 358; Coke Litt. 51 b. 112 b. 181 b; Chance on Powers, 649, 658; *Hertzel* v. *Barber*, 69 N. Y. 7; 4 Kent's Com. 348; 1 R. S. 733, § 83; *Legget* v. *Hunter*, 19 N. Y. 456.) But even if the rule were otherwise, the acquiescence of Russell, was sufficient under 2 R. S. 109, § 55. (Tiff. & Bull. on trusts, 539; Co. on Lit. 113, note a; *Taylor* v. *Morris*, 1 N. Y. 349; *Roseboom* v. *Mosher*, 2 Denio, 61–69; *Matter of Robinson*, 37 N. Y. 263; *In re Place*, 1 Redf. 284; *Sharp* v. *Pratt*, 15 Wend. 610; *Voorhees* v. *Olmsted*, 3 Hun, 754; *Bank* v. *Bank*, 50 N. Y. 575; *Hazard* v. *Spears*, 4 Keyes, 469, 482, 483-4-5; *Prince* v. *Clark*, 1 B.

& C. 185 ; 8 Eng. Com. Law, 80 ; *Cornwall* v. *Wilson,* 1 Ves. Sr. 509 ; *Cairness* v. *Bleecker,* 12 Johns. 300 ; *Farmers' Loan and Trust Co.* v. *Walworth,* 1 N. Y. 447 ; Story on Agency, § 250 ; Dunlap's Paley, 172 ; *Fowler* v. *Gold Ex. B'k,* 67 N. Y. 143 ; *Corning* v. *Sutherland,* 4 Hill, 552 ; *Leslie* v. *Daley,* 47 N. Y. 650–2 ; 2 Denio, 646 ; 18 Moak's Eng. Rep. 321.) Ratification of a sale may be made by acquiescence or parol. (*Newton* v. *Bronson,* 13 N. Y. 587.) As Russell, like Ranney, only objected to a further performance because of the alleged lapse of time, he should be held to have waived all other objections. (*Johnson* v. *Oppenheim,* 55 N. Y. 280, 291.) By the death of Lafayette Ranney pending this appeal all his duties and obligations are imposed by law upon Thomas Russell, as surviving executor, without any order of the court to that effect. (*Lachaise* v. *Libby,* 21 How. Pr. 363 ; *Patterson* v. *Copeland,* 52 id. 460 ; *Shook* v. *Shook,* 19 Barb. 656 ; Code, § 758.) If specific performance fail for the alleged invalidity of the contract, this case is then one for damages against the defendant Lafayette Ranney, in $5,000 as claimed in the complaint, which is a sufficient pleading of damages. (*Pumpelly* v. *Phelps,* 40 N. Y. 60 ; *Cockroft* v. *N. Y. C. R. R.,* 69 id. 204 ; *Margref* v. *Muir,* 57 id. 159 ; *Sternberger* v. *McGovern,* 15 Abb. Pr. [N. S.] 271 ; *Hale* v. *Omaha B'k,* 9 N. Y. 626 ; *Barlow* v. *Scott,* 24 id. 45–6.) It is not laches to rely upon the truth of the statement of an adversary. (*Mead* v. *Bunn,* 32 N. Y. 275.)

*E. Countryman* for respondent. Active duty and discretion were imposed by the will on the executors, as trustees, and the legal title to the real estate was vested in them for all the purposes of the trust. (1 R. S. 729, § 60 ; *Amory* v. *Lord,* 9 N. Y. 403, 411, 415–17 ; *Skinner* v. *Quin,* 43 id. 99, 105 ; *Morris* v. *Smith,* 46 id. 571 ; *Knox* v. *Jones,* 47 id. 389, 396 ; *Vernon* v. *Vernon,* 53 id. 351, 358 ; *Bennett* v. *Garlock,* 79 id. 302, 317.) Even if the estate had not been devised to the trustees, the duty required of them in the sale and management of the property clearly created a power in trust as

distinguished from a naked power of sale.   (1 R. S. 734, § 94;
*Kinnier* v. *Rogers*, 42 N. Y. 531; *Skinner* v. *Quin*, 43 id.
100, 106; *Manice* v. *Manice*, id. 304, 363; *Vernon* v. *Vernon*,
53 id. 352, 359; *Brown* v. *Meigs*, 64 id. 507, 516; *Russell* v.
*Russell*, 36 id. 581.)   If the will created a trust, the defend-
ants having both qualified and acted as trustees, it was indis-
pensable that both of them should execute any contract of
sale or conveyance of the real estate.   (Perry on Trusts [2d
ed.], § 411; *Brennan* v. *Wilson*, 71 N. Y. 502, 507; *Thatcher*
v. *Candee*, 4 Abb. Ct. App. Dec. 387; *Coone* v. *Decker*,
22 Hun, 452; *Anonymous* v. *Gelpcke*, 5 id. 246; *Busse* v.
*Schenck*, 16 W'kly Dig. 549; *Stout* v. *Rider*, 12 Hun, 575;
*Ridgley* v. *Johnson*, 11 Barb. 527.)   If the will be regarded
as creating a mere power in trust, all of the persons in whom
it is vested must unite in its execution.   (1 R. S. 735, § 112;
*Barber* v. *Cary*, 11 N. Y. 397, 401; *In re Van Wyck*, 1 Barb.
Ch. 566.)   Under the common law even as to executors, as
such, the same rule obtains in reference to real estate.   (Co.
Litt. 112b, 113a, 181b.)   Where any executor shall refuse or
neglect to qualify and act, all sales made by those who do
qualify shall be equally valid as if the other executor had
joined in such sale; and every estate vested in executors or
trustees, as such, shall be held by them in joint tenancy, so
that in case of the death of any of them the estate or power
remains intact in the survivors.   (1 R. S. 727, § 44; 2 id. 109,
§ 55; *Sharp* v. *Pratt*, 15 Wend. 610, 612.)

EARL, J.   In January, 1879, Henry D. Ranney died in the
city of New York, leaving a last will and testament, in which
he appointed Lafayette Ranney and Thomas Russell executors,
who·were also to act as trustees in the execution of the pro-
visions of the will.   He gave and devised to his executors, for
the uses and purposes mentioned in his will, all his residuary
estate, and directed them to consolidate it into a safe and per-
manent fund, which would yield a regular interest or income;
gave them power to sell and convey real estate, loan and invest
money as the best interests of his estate might demand, and

directed that the entire interest or income thus derived, after
paying taxes, repairs to houses, and all necessary expenses and
disbursements connected with his real estate, should be paid
over to his wife for her support through life; and after the
decease of his wife, he directed the estate to be distributed as
mentioned in the will. After his decease the will was ad-
mitted to probate, and letters testamentary were issued to both
of the executors, and they qualified and entered upon the dis-
charge of their duties under the will. Among the lots of land
left by the testator as a part of his residuary estate, was a lot
in the city of New York, with a house thereon, and on the
10th day of April the executor Ranney entered into an agree-
ment in writing with the plaintiff for leasing the house and lot
to him for a term of three years from the first day of May,
1879, at an annual rental of $1,200, the agreement purporting
to be between the two executors as parties of the first part, and
the plaintiff as party of the second part; and it contained a stipu-
lation that upon payment by the party of the second part of all
claims under the lease, and the further payment of the sum of
$12,000, the parties of the first part would terminate the lease,
and convey the property by deed to the party of the second
part; provided, however, that such purchase should be per-
fected within two years from the date of the agreement. The
agreement was signed by Ranney alone as executor, and by the
plaintiff. The other executor, Russell, refused to execute it,
objecting to the clause giving to the plaintiff the option to
purchase within two years. The plaintiff was at the time in-
formed by Ranney of this objection and refusal on the part of
his co-executor, but he was told by Ranney that one executor
was as good as two. At the end of the two years the plaintiff
claimed to have exercised his option to purchase, and offered
to perform on his part, but the defendant Russell refused to
execute any deed, and perform the agreement, upon the ground
that he was not bound thereby. Then this action was com-
menced to compel the specific performance of the agreement;
and the court at trial term dismissed the complaint on the
ground that the contract was not binding upon both executors,

and that both could not be compelled to join in the conveyance.

By the terms of the will the title to the real estate left by the testator was vested in the two executors, and it is settled beyond any controversy that in such a case it can be conveyed only by a deed executed by both. Under this will the executors had a discretion to exercise as to the time when, and the terms upon which, the real estate should be sold, and the parties interested as beneficiaries in the estate had the right to the exercise of the discretion by both executors. One could not convey without the other, or enter into any agreement to convey which would be binding upon the other. (*Brennan* v. *Willson*, 71 N. Y. 502 ; *Berger* v. *Duff*, 4 Johns. Ch. 368.) Here it is proved by uncontradicted evidence, and found by the trial court, that Russell did not assent to the clause in the agreement giving the plaintiff the option to purchase, and the plaintiff was informed of that fact, and Russell never thereafter ratified the agreement, but uniformly objected to that clause whenever it was called to his attention. If the property agreed to be sold had been strictly personal, the rule would be otherwise, because one executor, or one trustee, may dispose of personal property to a *bona fide* purchaser without the consent of the other. This lot was not, for the purpose now in hand, personal estate, within the principles laid down in *Bogert* v. *Hertell* (4 Hill, 492) and other cases. There may have been a conversion of this real estate into personalty for many purposes, but not for all purposes. It physically remained real estate, taxable as such, controllable as such, and it could only be conveyed as such. And the rules of law generally applicable to real estate remained applicable to this.

No case was made upon the proofs for damages against Ranney for a failure to convey in pursuance of the agreement executed by him ; and it does not appear that any claim upon the trial was made that relief should be awarded to the plaintiff by way of damages.

On the whole, therefore, we are of the opinion that this case

was properly disposed of, and the judgment should be affirmed.

All concur.

Judgment affirmed.