EMILIE B. STEVES, APPELLANT, *v.* JOHN H. WEAVER, ONE OF THE EXECUTORS, ETC., OF JOHN G. HORTON, DECEASED, RESPONDENT.

*Life estate to a widow with power to direct a sale of the property.*

Where a testator by his will gives a life estate in his real and personal property to his widow, and provides that if the widow deems the income insufficient for her comfortable support, she is empowered to designate any portion of the real or personal property for sale, and the executors are directed to sell the same and pay over the proceeds to the widow, a party to whom the widow, as one of the executors, has executed a deed of a portion of the real estate left by the testator, in pursuance of such provision, cannot compel the co-executor to execute such deed.

Although the widow, in such case, is authorized by the will to designate the real estate to be sold, she is not given the power to determine the price at which the land designated shall be sold, and a discretion is given to the co-executor as to the price and terms of sale.

APPEAL by the plaintiff from a judgment in favor of the defendant entered in Westchester county after a trial at Special Term dismissing the plaintiff's complaint.

This action was brought to compel the defendant, one of the executors of the will of John G. Horton, to execute to the plaintiff a deed of property which had already been executed by his co-executrix, the widow of the testator. The will of the testator provided, among other things, as follows: "Firstly, I direct that all my just debts and funeral expenses be paid out of my personal property. Secondly, subject to the foregoing devise, I give, devise and bequeath all the use, rents, issues, profits, interest and income of what nature or description soever of all my estate, real and personal (except my house and lot in La Crosse in the State of Wisconsin), to my beloved wife, Penina, for and during her natural life ; and in case the said use, rents, issues, profits, interest and income so given, devised and bequeathed to my said wife, as aforesaid, be not, in the opinion and judgment of my said wife, sufficient for her comfortable support and maintenance at any time during her life, then it is my will and pleasure, anything herein contained to the contrary notwithstanding, and I hereby authorize, direct and empower my executrix and executors hereinafter named, or whosoever shall execute this, my last will and testament, to sell and dispose of, either at public or

private sale, any portion of my real or personal estate (except my house and lot in La Crosse aforesaid) to be designated by my said wife in writing, by good and sufficient conveyances therefor, and to pay over the proceeds of such sale or sales to my said wife, which said proceeds I give, devise and bequeath to my said wife, to be absolutely her own, and at her own disposal."

*John P. Reed*, for the appellant.

*Wilson Brown, Jr.*, for the respondent.

BARNARD, P. J.:

John C. Horton, by his will, gave a life estate in all his real and personal property to his widow. If the widow deemed the income insufficient for her comfortable support, she was empowered to designate any portion of the real or personal estate for sale, and the executors were directed to sell the same and pay over the proceeds to the wife, to be absolutely her own. The widow was one executrix and the defendant was the other. After the end of the life estate the testator divides the property unsold among certain legatees named. The widow is not given the power to determine the price of the piece of land designated by her for sale, and, therefore, she could not alone give a deed. The other executor was bound to see that a fair price was obtained for the property in the interest of the residuary legatees. The case is a clear one, therefore, when one executor could not give a deed. The discretion of both executors was needed as to the price and terms of sale. (*Wilder* v. *Ranney*, 95 N. Y., 7.)

The judgment should be affirmed, with costs.

PRATT, J., concurred; DYKMAN, J., not sitting.

Judgment affirmed, with costs.