## LYNCH v. BUCKLEY et al.

(Supreme Court, Appellate Division, Second Department. May 1, 1903.)

1. SPECIFIC PERFORMANCE—INFANT—EXECUTORS—FAILURE TO AGREE.

Where, in an action for specific performance, wherein the rights of an infant defendant were involved, it was not shown that both of the executors who had the power of sale of that part of the premises in question belonging to such infant had acted with reference to the sale, and agreed on the price at which the premises should be sold, while it, on the other hand, was shown that plaintiff had purchased the land at the sale for several thousand dollars less than its real value, plaintiff was not entitled to a decree in his favor.

2. EXECUTORS—SALE OF LAND—AUTHORITY OF AUCTIONEER.

Where a purchaser of land at a public sale had notice that the property was advertised for sale by two executors under a power of sale in a will, he was bound to know that the auctioneer had authority to act for both of the executors.

Appeal from Trial Term, Westchester County.

Action by Daniel E. Lynch against William W. Buckley, as sole executor of the estate of Thomas C. Oakley, deceased, and others, for the specific performance of a contract for the sale of land. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCH-BERG, and HOOKER, JJ.

William J. Bolger, for appellant.

F. R. Minrath (P. J. Rooney, on the brief), for respondents.

William J. Moran, guardian ad litem, for respondent Berford Seaich Oakley.

WOODWARD, J. In September, 1899, Thomas C. Oakley and John B. H. Oakley were seised, as tenants in common, of the premises involved in this action. Thomas C. Oakley died about the 3d day of September in the year above mentioned, leaving a last will and testament, by which he gave to his executors, Gilbert Oakley and William W. Buckley, full power of sale. In May, 1901, the executors above named and John B. H. Oakley, owner of an undivided one-half part of the premises, decided to offer the premises for sale; and bills were posted in various parts of the country announcing an auction sale of the premises, located in Larchmont Manor. Gilbert Oakley was ill at the time, and, while it is shown by the evidence that he had one of the posters displayed in his bedroom, the evidence is not disputed that he had not agreed to a sale of the premises at a less figure than $20,000; and the terms of sale which were delivered to the auctioneer, William N. Ryan, were not signed by him, but by his coexecutor and the owner of the undivided half interest. It appears from the evidence and the findings of the learned referee before whom the case was tried that there was an understanding among the executors and the owner of the undivided half interest that the property should not be sold for less than $18,000, and this fact was made known to the auctioneer, who had agreed upon these conditions. The auction occurred on the 3d of June, 1901. The terms of the sale were read, the bidding commenced, and progressed until the sum of $10,600 was bid by this plaintiff, when the property was struck off. It does not appear that the plaintiff ever signed the terms of sale, which required such signing; and it is not disputed that the auctioneer did not sign the memorandum of sale until some time after the close of the transaction, and probably not until after the defendants had, through their attorney, given notice that the sale had been made under a mistake.

Berford Seaich Oakley, an infant defendant, is, as the sole heir of his father, Thomas C. Oakley, the owner of a one-half interest in the property involved in this litigation; and as it clearly and undisputably appears that the premises are worth at least $12,000—this fact appearing by the plaintiff's own witness—while the defendants show a standing offer of $15,000, this would appear to be a proper case for a court of equity to refuse specific performance, that the rights of the infant may not be sacrificed. It is a well-established principle relating to this subject that specific performance will never be decreed where it would be inequitable. It is immaterial whether the fact that it is inequitable arises from the provisions of the contract, or from the external facts or circumstances which affect the situation and relations of the parties, for in either case it

may constitute a sufficient ground for a court of equity to withhold this peculiar relief, and leave the parties to their legal remedy. Stokes v. Stokes, 155 N. Y. 581, 590, 50 N. E. 342, and authorities there cited. In the case at bar, assuming that both of the executors had acted in the matter with a full knowledge of all of the facts, it may be questioned whether a court of equity would be bound to decree the specific performance of a contract which involved the sacrifice of the property rights of the infant defendant. The right of specific performance rests in the judicial discretion of the court, and may be granted or withheld upon a consideration of all of the circumstances, and in the exercise of such discretion. Heller v. Cohen, 154 N. Y. 299, 307, 48 N. E. 527; Stokes v. Stokes, 155 N. Y. 581, 590, 50 N. E. 342, and authorities there cited. A careful examination of this question convinces us that the findings of fact made by the learned referee are supported by the evidence, and that, upon a consideration of all of the evidence, the plaintiff has failed to establish a case calling upon this court to aid in the consummation of his purchase.

Where the rights of an infant defendant are involved, and it is not shown that both of the executors to whom was confided the power of sale have acted with reference to the price to be realized, it is clear, we believe, that it would be inequitable to compel the specific performance of a contract which would result in a loss of several thousands of dollars to the real party in interest, the infant defendant, and give to the plaintiff an unfair bargain. The law is settled beyond all controversy that, where a power of sale is vested in two executors, the title to the real estate cannot be conveyed without a deed executed by both of them (Wilder v. Ranney, 95 N. Y. 7, 12); and, the plaintiff having had notice of the fact that the property was offered for sale by a person or persons acting in a representative capacity, he was bound to know that the auctioneer (an agent of limited authority, at best) was authorized to act for the executors. At least, it not being shown that both executors acted with reference to this sale, and the price at which the property should be sold, the plaintiff is not entitled, in a court of equity, to the aid of a decree for specific performance.

The judgment appealed from should be affirmed, with costs. All concur.