**BROWN & BIGELOW, Plaintiff-Appellee, v. ROY, dba F. & M. TRUCK STOP, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 5200. Decided February 15, 1955.

Maugan & Vacca, Columbus, for plaintiff-appellee.
Walter S. Barrett, Jr., Columbus, for defendant-appellant.

## OPINION

By MILLER, PJ.

This is a law appeal from the judgment of the Municipal Court rendered in favor of the plaintiff-appellee for the sum of $413.66 and interest and costs. The action was one on an account for goods and merchandise sold and delivered to the F. & M. Truck Stop, an alleged partnership consisting of Clarence F. Roy, the appellant, and H. Fay Lucas, who was not a party to the action.

The answer was a general denial. Upon request being made the court filed separate findings and conclusions of law and fact. Those pertinent to the issues presented are:

(1) The merchandise was "purchased by the partnership, and sold to it."

(2) That the defendant-appellant "held himself out or permitted himself to be held out as a partner in the F. & M. Truck Stop."

(3) That the defendant-appellant is estopped from denying such partnership; and

(4) That no notice or publication pertaining to termination or dissolution of said partnership was made by the defendant.

All of the errors assigned relate to the sufficiency of the evidence to sustain the judgment, the appellant urging that his motion to dismiss at the close of plaintiff's case and again at the conclusion of all of the evidence, should have been sustained.

No direct proof of a partnership was offered, but the same was based upon the conduct of the appellant at the place of business; that a sum of money was advanced by the appellant which he testified was a loan to the other alleged partner and upon the further fact that a vendor's license was secured from the State of Ohio in the name of "Henry F. Lucas

and Clarence F. Roy, DBA F. & M. Truck Stop." The application for this license was signed by both of the alleged partners and the license issued in response thereto was posted at the place of business of the alleged partnership. It is urged that the evidence does not disclose that the appellee had any knowledge of the information contained in the license and therefore there could have been no reliance placed on the statements it contained; that the doctrine of estoppel has no application. We concur with counsel for the appellant upon his factual conclusion and are of the opinion that his views as to the law would be correct were it not for the fact that our statutory law modifies the common law rule. **Sec. 1775.15 R. C.** provides:

"When a person, by words spoken or written or by conduct, represents himself, or consents to another representing him to any one, as a partner in an existing partnership or with one or more persons not actual partners, he is liable to any such person to whom such representation has been made, who has, on the faith of such representation, given credit to the actual or apparent partnership, and if he has made such representation or consented to its being made in a public manner he is liable to such person, whether the representation has or has not been made or communicated to such person so giving credit by or with the knowledge of the apparent partner making the representation or consenting to its being made."

Clearly the defendant represented that he was a partner in the business when he signed the application for a vendor's license and the posting of the license at the place of business was notice to the public of the nature of the business being conducted on the premises. The Court did not err in holding that the defendant was a partner.

The next question for consideration is whether or not there was a defect of parties since the appellant was the only party named as a defendant in the action. Partnership contracts are obligations of all of the partners. **Simon v. Rudner, 43 Oh Ap 38.** They are neither several nor joint and several, but joint only. Partners are engaged in a joint enterprise for a joint profit and are principals in every transaction. Wehrman v. McFarland, 6 O. N. P. 333. Parties united in interest must be joined as plaintiffs or defendants. **Sec. 2307.20 R. C.** In actions ex contractu at law all partners are necessary parties plaintiff or defendant. **Choteau v. Raitt, 2 Ohio 132; 30 O. Jur. 1171.** There was, therefore a misjoinder of parties which could have been taken advantage of by demurrer. **Sec. 2309.08 R. C.** This was not done and the right thereto was waived by the filing of an answer. **Myers v. Croswell, 45 Oh St 543.** A failure to demur waives every objection except those to the jurisdiction of the court and that facts sufficient to constitute a cause of action are not stated. **Bartges v. O'Neil, 13 Oh St 72.**

The appellee urges that the appellant is individually liable under §1775.15 R. C. and may be sued alone for a partnership debt. We do not think the statute goes this far because paragraph (1) of the cited section provides that when "a partnership liability results, he is liable as though he were an actual member of the partnership." Since his liability is so restricted our conclusion is that there was a misjoinder of parties defendant, but that this defect was waived by the defendant.

It is urged also that the amount of the judgment is excessive and that interest was allowed from the date that the order was given, to wit, January 22, 1952, and not from the date of the last shipment of the merchandise. We think the appellant is correct in his conclusion as to the interest allowed and if the appellee will consent to a remittitur to this extent the judgment will be affirmed.

HORNBECK and WISEMAN, JJ, concur.