WASHINGTON POULTRY, INC., APPELLEE, *v.* DILL
ET AL., APPELLANTS.

(No. 71-45—Decided August 10, 1971.)

*Mr. R. A. Hawley,* for appellee.
*Messrs. Federico, Myers & Enz* and *Mr. Stanley L. Myers,* for appellants.

REILLY, J. This is an appeal on questions of law from a judgment of the Franklin County Municipal Court rendered January 19, 1971.

The facts are that the plaintiff, appellee herein, filed an action upon an account in the Franklin County Municipal Court. The complaint was a so-called short form pleading as authorized by R. C. 2309.32. Defendants, appellants in this court, both answered by general denials.

The case was tried to the court, who made the following judgment entry upon the half sheet:

"Judgment for plaintiff against defendants for $472.-80, interest and costs. Evidence shows defendants established credit and did business with plaintiff on representation they were partners."

Defendants initially made two assignments of error but dropped one at the hearing before this court. Their remaining assignment of error is that "the trial court erred in overruling defendants' motion to dismiss at the conclusion of plaintiff's case."

This court distinguishes the present case from *Brown* v. *Columbus Stamping & Mfg. Co.,* 9 Ohio App. 2d 123,

decided January 24, 1967, in which Judge Troop summarized the facts and pleadings, at pages 123 and 124, as follows:

"Plaintiffs, as members of a partnership doing business as General Tool & Engineering Company, filed an action on an account in the Common Pleas Court of Franklin County. The petition was a so-called short form pleading as authorized by Section 2309.32, Revised Code. Plaintiffs claim a specified sum 'for labor and equipment furnished to defendant corporation per duplicate invoices attached hereto, made a part hereof, and marked Exhibit A.'

"Defendant, Columbus Stamping & Mfg. Co., answered admitting the partnership and its own corporate nature. Further answering, 'defendant corporation says that it is not indebted to plaintiff on an account stated and that, in fact, plaintiffs have been overpaid by the defendant corporation * * * .' Defendant also filed a cross-petition praying for damages and alleging misrepresentation and breach of warranty."

The facts herein are not the same as the *Brown* case. There was no objection by defendants to the complaint by motion or affirmative defense. The parties stipulated that the sum of $472.80 was the amount of the account. The proper manner of attack upon the pleading was by motion. This was not done. The rule is clear: "All defects of a pleading not affecting its validity as such and not going to the jurisdiction of the court are waived unless proper objection is made at the proper time * * *." 43 Ohio Jurisprudence 2d 389, Pleadings, section 364.

Counsel for defendants made the following motion after plaintiff rested:

"I move at this time to dismiss the case because it is not a case submitted on an account. There's no evidence of a—of an issue constituted on an account. It has been—has to be instituted on The Deli and—but on the account itself."

Whereupon, after hearing the arguments of counsel upon the motion, the trial court stated the following:

"An account has been established here by the evidence.

The fact that the form attached to the petition may be stated in some manner different than the previous billings were made, I don't think is material. The question resolves itself to whether or not the account is that of the defendants as individuals or whether it's an account of a corporation. And the evidence presented thus far would indicate that there is an account in the name of the two individuals doing business as The Deli.''

We find, upon a review of the record, along with the foregoing reasons, that the judgment of the trial court was correct. Moreover, the motion of plaintiff to dismiss for defendant's failure to comply with the rules of this court is now moot.

Therefore, the judgment of the trial court is affirmed, and this appeal is dismissed.

*Judgment affirmed.*

TROOP, P. J., and STRAUSBAUGH, J., concur.