**Bomanite Designs, Inc. v. LeBail**
*[Cite as 7 AOA 481]*

Case No. 89-L-14-139
Lake County, (11th)
Decided October 26, 1990

Howard S. Rabb, Dworken & Bernstein Co., L.P.A., 153 East Erie Street, Suite 304, Painesville, Ohio 44077, for Plaintiff-Appellee.

James M. Lyons, Rand, Gurley, Hanahan & Lyons, 270 East Main Street, Suite 300, Painesville, Ohio 44077, for Defendant-Appellant.

FORD, J.,

This appeal is from the trial court's decision awarding appellee, Bomanite Designs, Inc, money damages against appellant, Tim A. LeBail, in the amount of $3,049.57. The trial

court also awarded appellant a $100 judgment against appellee.

This action began with appellee filing a complaint for replevin of a 1965 John Deere backhoe on December 8, 1988. Appellee then moved for an order of possession under R.C. 2737.03. Appellant, who was holding the backhoe in order to preserve his rights to a mechanic's lien, filed a counterclaim on January 6, 1989, for amounts owed for repairs made by appellant on or about September 27, 1988. Appellee then filed an amended complaint, with leave of court, on March 7, 1989, alleging negligent repair, failure to repair, and breach of contract, among others.

Appellee had taken the backhoe to appellant's garage for repairs on several occasions. A dispute existed as to the extent of the repairs that were to be completed. The engine was difficult to start, and appellant suggested that appellee replace the engine, as only a few hundred dollars separated the cost to replace and the cost to rebuild the engine. Evidence was presented at trial that to rebuild the engine cost almost one thousand dollars more than to replace the engine.

Other problems were referred to as "slop", "drifting", and "settling", all of which were connected to the hydraulic system gradually losing pressure during operation. The armiture of the backhoe, instead of remaining where the operator last directed it, would gradually fall to the round or to one side. Appellee argued that appellant stated the armiture would be "tight" after certain repairs; *i.e.,* remachining and replacing the bushing and pins, and replacing all of the old hydraulic hoses. Appellant argued that these were stop-gap measures, not meant to correct the entire problem, and that "internal" hydraulic leaks contained within central valves and cylinders would continue to cause problems, until appellee decided to spend the money necessary to fix these items.

Another dispute concerned adaptations made to a one foot dirt bucket used in conjunction with the backhoe, appellee requested two shorter pins used to connect the bucket to the backhoe. Appellee attached the one foot bucket to the backhoe, in the past, with pins from a two foot bucket, but the length of the pins prevented proper use of the one foot bucket. Appellant maintains that two $40 pins would not solve appellee's problem, and that remachining was necessary to align the pin holes, at a cost of more than $400. (The trial court awarded appellant a judgment of $100 for the value of the two pins.)

Appellee paid the amounts said to be owed to the appellant after each repair, in March, June, and July of 1988, until the repairs of September 1988, when appellee allegedly received a quote of $685 and was charged $1,867.27. Appellee refused to pay, and appellant retained possession of the backhoe until the above described proceedings were initiated by appellee.

Appellee put forth expert testimony that the work contracted for was either never done or done improperly. Appellant moved for a directed verdict at the end of appellee's case-in-chief. The trial court overruled the motion, and appellant submitted evidence without renewing the motion afterward. The trial court then found in favor of appellee, and it is from this judgment that appellant timely appeals, raising the following assignments of error:

"1. The trial court erred when it improperly admitted the testimony of the expert witness for the appellee.

"2. The trial court erred when it granted judgment for the appellee for $3,049.57 because appellee's claims for relief did not include any claim for the work that had been performed by the appellee [*sic*] in March or July of 1988 and it did not contain a claim for money damages pursuant to Civil Rules 8 and 54.

"3. The trial court erred when it did not grant the appellant's motion for a directed verdict at the conclusion of the appellee's case opening statement and at the conclusion of the appellee's case in chief."

In his first assignment of error, appellant contends that the trial court improperly admitted expert testimony concerning the repair of the backhoe. Evid. R. 703 states:

"The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by him or admitted in evidence at the hearing." Ohio specifically rejected the additional sentence contained in the Federal Rule, which states:

"If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence."

Therefore, in Ohio, an expert is limited to testifying about facts perceived by him through his own personal knowledge, *State Auto Mutual Ins. Co. v. Chrysler Corp.* (1973), 36 Ohio St. 2d 151, and facts made known to him at the hear-

ing. The work orders referred to by the expert in this case do not fall into either category. While they were admitted into evidence at a later point in the trial, appellee did not request leave of court, subject to a motion to strike the testimony, if not "tied up" with the admission of additional evidence. Further, the work orders were introduced into evidence by appellant, not appellee.

While the admission of the expert 's testimony constitutes error, it is merely harmless error in light of the importance attached to the work orders by the expert in formulating his opinion. The expert reviewed the backhoe for three and one-half hours, and determined the repairs needed to put the backhoe into working condition. The inspection was the basis of the expert's opinion as to the condition of the machine. The work orders were then used in reference to the repairs allegedly made by appellant. Based on his inspection, the expert opined as to the extent of the repairs actually completed. The use of the improper basis, while error, did not prejudice appellant, and is, therefore, harmless error.

Appellant also sets forth an argument based on Evid. R. 702. Evid. R. 702 states:

"If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."

Appellant argues that the testimony was imprecise and failed to delineate which repairs were over and above the actual repairs contracted for by appellee. However, the expert stated that for $4,900 the entire backhoe attachment could be repaired, which includes:

"*** stabilizer, pins, bushings, stabilizer arms if necessary, swing cylinder rod ends, swing cylinder rod guide ends, back of main frame to back of boom, bushings and pins, right on down the line."

This represents the repairs needed and closely approximates the repairs said to have been done by appellant for a charge of $4,850.24.

Furthermore, while appellant may find that the expert's opinion as to the cost of needed repairs was imprecise, appellee 's expert specifically stated that: "[i]f [the work] had been done as per the work order said, I disagree that they were, or they were done improperly."

And on cross-examination, to the question:
"You're not saying that the repairs that were done were done improperly?"

The expert answers:
"Well, I did say that, in effect after I had saw the work orders from the work that was supposed to have been done."

This opinion assisted the trial court in determining appellee did not receive what was bargained for in the contract. Therefore, this court finds appellant's first assignment of error without merit.

Appellant's second assignment of error alleges error as a result of appellee's failure to demand a money judgment in a sum certain. Appellant argues that this pleading defect precludes the trial court from awarding compensatory damages.

Appellee's amended complaint specifically incorporated paragraphs one through seven of the complaint, without incorporating the prayer for relief of the original complaint. Therefore, the only monetary damages prayed for other than for punitive damages and attorney's fees were as follows:

"*** an amount which cannot be determined at this time for the following: overcharges, improper repair, and loss of use of the vehicle."

*Ali v. Jefferson Ins. Co.* (1982), 5 Ohio App. 3d 105, 107, restates the general rule that "punitive damages are not available in an action brought upon a contract." Despite the pronouncement of *Mers v. Dispatch Printing Co.* (1988), 39 Ohio App. 3d 99, 106, that the award of damages does not have to follow the breakdown in the complaint, it should not be extended to the case at bar. Appellee's failure to state an amount of monetary damages cannot be saved by the fact that the award was less than the total amount prayed for in the complaint, when the complaint sets forth a prayer for only punitive damages.

Having failed to set forth a request for a sum certain amount of monetary damages in its prayer, appellee cannot be awarded compensatory damages under Civ. R. 54(C) and Civ. R. 8(A), as interpreted in *Smolik v. Andrews Custom Builders, Inc.* (May 25, 1990), Lake App. No. 89-L-14-023, unreported; *Walters v. Karlen* (Sept. 16, 1987), Summit App. No. 12998, unreported; and *Hearing v. Delenay* (Dec. 21, 1976), Franklin App. No. 76-AP-493, unreported. Thus, the trial court erred in awarding compensatory damages, unless the defect in the pleadings has

been waived by appellant's failure to raise the issue at the trial level.

*Enghauser Manufacturing Co. v. City of Lebanon* (Mar. 31, 1982), Warren App. No. 474, unreported, states:

"Civ. R. 12(H) merely reiterated prevailing Ohio law. *Washington Poultry, Inc. v. Dill* (1971), 28 Ohio App. 2d 242, 276 N.E. 2d 668, set forth that rule as follows:

"All defects of a pleading not affecting its validity as such and not going to the jurisdiction of the court are waived unless proper objection is made at the proper time."

If failing to state a certain sum of monetary damages in appellee's pleadings does not affect the validity of such pleading, then appellant can waive this defect. *Brown & Bigelow v. Roy* (1955), 132 N.E. 2d 755, appears to find that only two objections cannot be waived. *Brown & Bigelow, supra,* 757, states:

"A failure to demur waives every objection except those to the jurisdiction of the court and that facts sufficient to constitute a cause of action are not stated. *Bartges v. O'Neil,* 13 Ohio St. 72."

Further support for the waiver of appellant's objection is found in *Pugh v. Calloway* (1860), 10 Ohio St. 488, 493, which, while discussing the need for amending a complaint for damages only, brought under General Code §179-181, states:

"No surprise or injustice is likely to result, and we do not think any formal amendment is necessary. But if it were, the plaintiff in error, having proceeded to trial without objection, is in no condition to complain, if the other party has only recovered such damages, as are right and proper, under the evidence in the case."

Therefore, this court agrees with the decision in *U-Drive-It-Co. v. Monkiewiez* (M.C. Ohio, 1948), 79 N.E. 2d 567, that appellee waives any objection to the lack of a sum certain demand for judgment in the pleadings when it is not raised at the trial level.[1]

Appellant's second assignment of error also contends that appellee's pleadings failed to comply with Civ. R. 9(F) and Civ. R. 10(D).

The findings of fact list five repair orders entered into by the parties, and these orders are dated March 29, June 4, July 15, September 27 and October 5 of 1988. Appellant contends that the trial court erred in awarding judgment on the contracts other than that of September 27, as the complaint only specifies this date. Appellant asserts that this violates Civ. R. 9(F) which states:

"For the purpose of testing the sufficiency of a pleading, averments of time and place are material and shall be considered like all other averments of material matter."

The Ohio rule is taken from the Fed. Civ. R. 9(F), and *Bankest Imports Inc. v. ISCA Corp.* (S.D. Fla. 1989), 717 F. Supp. 1537, 1539, interpreted Fed. Civ. A. 9(F) stating:

"The Federal Rules of Civil Procedure contemplate liberal notice pleading by the parties. Under the Federal Rules, a Complaint need only contain a 'short plain statement of the claim showing that the pleader is entitled to relief.' Fed. R. Civ. P. 8(a)(2). Federal Rule of Civil Procedure 9(f) provides that [f]or the purpose of testing the sufficiency of a pleading, averments of time and place are material and shall be considered like all other averments of material matter. Rule 9(f), however, was not intended to abrogate the liberal pleading requirements of Rule 8; rather, Rule 9(f) merely supplants Rule 8 and must be read in conjunction therewith.

"As the Federal Rules do not require a party to plead time and place with particularity, this Court finds that Defendant has alleged sufficient facts regarding time and place to withstand Plaintiff's Motion to Dismiss."

See, also, *Innovative Digital Equip. v. Quantum Tech.* (N.D. Ohio, 1984), 597 F. Supp. 985.

Unlike the seven years covered by the complaint in *Bankest,* here the complaint involved a period of only seven months, and appellant was given sufficient notice by the pleading's reference to other repairs.

Appellant alleges further that appellee violated Civ. R. 10(D) by failing to attach the work orders or contracts to the complaint. Civ. R. 10(D) states:

"When any claim or defense is founded on an account or other written instrument, a copy thereof must be attached to the pleading. If not so attached, the reason for the omission must be stated in the pleadings."

The complaint here did not have a copy attached, nor did it state the reason for the omission. Appellant now objects to this defect for the first time on appeal. This court dealt with a similar issue in *Phillips v. Fishel* (Jan. 23, 1983), Lake App. No. 9-041, unreported, at page 4 of the opinion, stating:

"This method [a motion to dismiss] of attacking a Civ. R. 10(D) deficiency was rejected

in *Point Rental Co. v. Posani* (1976), 52 Ohio App. 2d 183, 368 N.E.2d 1267. The court in that case observed that:

"The proper procedure in attacking the failure of a plaintiff to attach a copy of a written instrument or to state a valid reason for his failure to attach same is to serve a motion for a more definite statement, pursuant to Civ. R. 12(E). Had that motion been granted, as would have been proper in this case, plaintiff could properly have been required to amend his complaint within 14 days after notice of the order sustaining the motion for a definite statement, and ordered to attach a copy of the written instrument or state a valid reason for the failure to attach same. In the event a party fails to obey the order of the court, the court may strike the pleading to which the motion was directed, or make any other orders as it deems just, which would include involuntary dismissal with prejudice pursuant to Civ. R. 41(B)(1).'

"In the instant case, appellant filed its answer without previously filing a Civ. R. 12(E) motion. Appellant is, therefore, now precluded from raising this issue. See, Civ. R. 12(E) and 12(H)."

Appellant is likewise precluded from raising the issue of a Civ. R. 10(D) deficiency, on appeal. For the above stated reasons, this court finds that appellant's second assignment of error is without merit.

In his third assignment of error, appellant contends that the trial court erred in failing to direct a verdict in his favor. Appellant moved for a directed verdict at the end of appellee's opening statement and case in chief. However, the trial court denied both of these motions, and appellant proceeded to put forth evidence. *Helmich v. Republic-Frankin Ins. Co.* (1988), 39 Ohio St. 3d 71, at paragraph one of the syllabus states:

"When a motion for a directed verdict is made by a defendant at the conclusion of the plaintiff's case and is overruled, the defendant's right to rely on the denial of that original motion as error is not waived when the defendant proceeds to present his evidence and defense as long as the motion is renewed at the conclusion of all the evidence. (*Halkias v. Wilkoff Co.* [1943], 141 Ohio St. 139, 25 O.O. 257, 47 N.E. 2d 199, paragraphs two and three of the syllabus, overruled.)"

As appellant failed to renew his motion at the conclusion of all the evidence, he has effectively waived any error by the trial court in

denying his directed verdict. As such, appellant's third assignment of error is without merit.

For the foregoing reasons, the judgment of the trial court is affirmed.

CHRISTLEY, P.J., and O'NEILL, J., concur.

O'NEILL, J., sitting by assignment.

---

[1] The decision is supported by the actions taken by the other state legislatures which have passed statutes similar to that in *Comley v. Emmanuel Lutheran Charity Board* (Oregon, 1977), 582 P.2d 443, which states that ORS 16.330 provides, in part:

"If no objection is taken *** the defendant shall be deemed to have waived any objection, save for the objection to the jurisdiction of the court, and the objection that the complaint does not state facts sufficient to constitute a cause of action. *** "