### HUTCHINSON *et al. v.* BROOKS *et al.*

(*Common Pleas of New York City and County, General Term.* February 3, 1890.)

PRINCIPAL AND AGENT—AUTHORITY—HUSBAND AND WIFE.

  A husband, acting as the general agent of his wife, in the conduct of a business carried on by her, has no authority, as such agent, to bind her for repairs to their residence, and the stable attached thereto, the lease of which is in his name, nor can such authority be implied from the fact that horses belonging to the wife, and used in her business, were kept in the stable

Appeal from eleventh district court.

An action by Alice Hutchinson and Mary Ann Hall against William Brooks and Thomas Brooks for the price of hay and feed delivered to defendants.    Judgment for plaintiffs.    Defendants appeal.

Argued before LARREMORE, C. J., and BISCHOFF, J.

*William Arrowsmith,* for appellants.    *Ira G. Darrin,* for respondents.

LARREMORE, C. J.    The plaintiffs were partners in trade, carrying on the business of selling hay and feed at 134 Tenth avenue.    Their respective husbands, Samuel Hutchinson and William Hall, were their general agents in the conduct of said business.    Both families reside in the house 521 West Twenty-Third street.    At the rear of said premises in Twenty-Third street is a stable, in which were kept the horses and wagons owned by plaintiffs, and used by them in delivering goods in their business aforesaid, and in which, also, some other horses belonging to outsiders were boarded.    The action was for the price of hay and feed delivered to defendants.    The latter conceded the justice and the amount of plaintiffs' claim, and relied on a counter-claim arising out of certain repairs made by defendants to both the house and the stable at 521 West Twenty-Third street.    Plaintiffs claim that they are not liable for such repairs.

The repairs were ordered by said Samuel Hutchinson, and there is a serious conflict of evidence between him and the defendants as to who he said would be liable.    He avers that they were ordered on the sole responsibility of his lessor, and that he (Hutchinson) had authority to bind the landlord.    This is denied both by the landlord's agent and by defendants, who say that Hutchinson used language showing the intention of making plaintiffs liable for the bill.    The question for us to determine is whether there is sufficient evidence to support the judgment rendered by the justice of the district court, allowing such counter-claim.    We cannot discover any.    Samuel Hutchinson was, confessedly, the general agent of plaintiffs in conducting the business at Tenth avenue; but there is not a *scintilla* of evidence to show that he had authority to employ, on their responsibility, a person to make the repairs to the premises in Twenty-Third street.    Plaintiffs were under no duty to make or pay for these repairs.    The husbands were presumably obligated to furnish and keep in repair a family residence; and, moreover, the lease of the whole property was actually taken and held in the husbands' names.    The only circumstance that gives the slightest color to the claim that plaintiffs are liable is that their horses were kept in the stable on the rear of the lot.    It does not even appear, for what little such fact, if it exist, might be worth, that the money realized from boarding outsiders' horses was reckoned in as part of the profits of plaintiffs' business.    It is not shown that plaintiffs personally gave any orders for the work; and there is no proof to support the

finding of agency, without which the judgment against plaintiffs could not have been rendered. The judgment should be reversed, and a new trial ordered, with costs to appellant, to abide the event.