## WALSH v. CURLEY.

*(Common Pleas of New York City and County, General Term. January 4, 1892.)*

PRINCIPAL AND AGENT—AGENCY OF SON FOR FATHER.

A carriage builder, to whom a wagon has been sent to be sold, cannot recover for repairs put upon it under directions of the owner's son, where the only evidence of the son's agency is the testimony of the builder himself, that he presumed a man's son had authority.

Appeal from seventh district court.

Action by Augustin Walsh against Michael Curley. Defendant pleaded a counter-claim, which was allowed by the court, and judgment entered for plaintiff for the balance, from which plaintiff appeals. Reversed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

*Michael J. Scanlan,* for appellant.    *Goodheart & Phillips,* for respondent.

BOOKSTAVER, J. In April, 1890, the plaintiff sent to defendant, who was a carriage builder in the city of New York, a phaeton to be sold, fixing the price which he was to receive for the same at $125 net. About a month later, plaintiff sent defendant another wagon to be sold. It was admitted on the trial that the phaeton had been sold for $125. The wagon was not sold, and was taken away by the plaintiff because it had not been. Before the action was commenced, a settlement was repeatedly asked for by the plaintiff, and the defendant finally rendered him a bill charging $119.70 for repairs to the two wagons and storage, showing a balance in plaintiff's favor of $5.30 only. If we admit all of the defendant's evidence to be exactly as stated by him, we do not think he is entitled to his bill for repairs. He admits the plaintiff did not order the repairs personally, and that he had no conversation with him on the subject at any time; and it is apparent from the evidence that the repairs, if ordered by any one, were ordered by the son of the plaintiff. There is no proof that this son was authorized by his father to negotiate for repairs or to order them. The defendant himself testifies that he could not say whether the plaintiff ever authorized his son to direct the repairs, and that he took it for granted that a man's son had authority, or he would not have come; in other words, that he made no inquiry as to the son's authority. The son denies giving the order for the repairs. Under these circumstances we think there was a failure to establish an agency on the part of the son to act for his father. It has been repeatedly decided that mere relationship does not confer authority to act as agent. In *Le Count* v. *Greenley,* 6 N. Y. St. Rep. 91, it was held that a father could not be presumed to have authority to act for a daughter. In *Ritch* v. *Smith,* 82 N. Y. 627, it was held that a son, merely as such, did not have authority to act for his father. In *Hutchinson* v. *Brooks,* (Com. Pl. N. Y.) 8 N. Y. Supp. 343, it was held by this court that a husband who was acting as general agent for his wife in the management of the feed business could not bind her for the repairs to his stable. It was therefore error for the justice to allow anything for these repairs, and for this reason the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. On such new trial it may be more satisfactorily established that the defendant was entitled to storage for the wagon that was taken away, so that he should be allowed it, and, on the other hand, it may appear that the defendant neglected his duty in regard to the sale of the second wagon, and would be entitled to no storage.