## Thomas B. Van Boskerck *vs.* Jane E. Herrick and others.

A will contained a power in trust, in respect to certain lands described therein, which power it vested in the persons named as executor and executrix, with specific directions as to the time of its execution. The testator directed that " at and after" the decease of his wife, all the remainder of his real estate should then be sold and conveyed, and authorized his executor and executrix to sell and convey the same, dividing the proceeds among his children and grandchildren as specially directed. *Held* that the words " at and after the decease of my wife" simply fixed the point of time when the power should vest in the executor and executrix; and that the direction that the real estate "shall then be sold and conveyed" left no room to doubt that the power was to be presently executed.

In a case where neither the execution or non-execution, partial or complete, of a trust power is made expressly to depend upon the will of the grantees, its immediate execution can be enforced by any or either of the beneficiaries.

But the court cannot, by its judgment, divest trustees of a power in trust devised to them by will, because of their non-residence, or poverty, or inability to agree in the settlement of their accounts as executors.

Nor can the court hamper the execution of the power in trust by the imposition of bonds or security for performance, and impose a forfeiture of the estate as a penalty for not executing the bonds. The most that the court can do is to compel them to execute the power by selling and conveying. In that manner only can they, under such circumstances, be divested of the power conferred upon them by the testator.

But while such trustees are the only persons who can sell the real estate, under the power, yet when the equity powers of the court are invoked to set them in motion, it has authority, in a proper case, while compelling the execution of the power, by them, with the formalities necessary to carry the title of the real estate, to make provisions in regard to the proceeds that will effectually secure the same to the several beneficiaries.

The proper mode, in cases of danger of loss, would be to require the proceeds to be paid into court for distribution. The court can direct this to be done either absolutely, or on failure of the parties to give satisfactory security for the distribution of the fund after it reaches their hands.

A PPEAL from a judgment entered upon the report of a referee.

The relief demanded in the complaint was : 1st. That the defendants Jane E. Herrick, executrix, and Geo. W. Van Boskerck, executor of John Van Boskerck, deceased, should account for the real estate left by the testator, and for the portion remaining unsold, and as

to all their proceedings under the will, and that they account for the rents and profits. 2d. That the executrix and executor be removed from the trust under the will, so far as relates to the real estate, and that a new trustee be appointed to carry out the provisions of the will. The answer admitted all the allegations of the complaint, except the allegation that the executors had neglected to account, and alleged : 1. That accounts had from time to time been rendered to the plaintiff, and that the plaintiff's share had been fully paid over to him. 2. That the executors had not sold the balance of the real estate, because a majority of the heirs in interest requested the executors to defer the sale till certain leases should expire, and which was for the best interest of all concerned. 3. That the executrix had cited the parties before the surrogate for a final accounting, which proceedings were then pending before the surrogate.

It was admitted the executors were non-residents, and that George Van Boskerck was insolvent ; also that the will did direct that "at and after the death of the widow" the balance of the real estate should then be sold.

The plaintiff was one of the devisees under the will, representing an interest of 1-15th in the real estate remaining unsold. The defendants (excepting the executrix) were children and grandchildren of the testator.

The following facts were found by the referee :

*First.* That on or about the 13th day of March, 1855, John Van Boskerck, then of the city of New York, duly made and published his last will and testament in writing, executed and attested in due form of law, and bearing date on said day, and thereby, after giving to his wife, Joanna M. Van Boskerck, an annuity of $1,200, in lieu of dower, to be paid in semi-annual payments by his executor and executrix from the rents or income of certain real estate named, he devised all his real estate to his four children, the defendants, George W. Van Bos-

kerck, Harriet A. Clarkson, Jane E. Herrick and Emma C. Van Boskerck, and to his three grandchildren, the defendants, Francis S. Van Boskerck, Elizabeth T. Ives and this plaintiff, in the respective proportions of one-fifth part thereof to each of said four children, and the remaining one-fifth part thereof to said grandchildren, in equal proportions; to have and to hold the same to them and their heirs and assigns forever.

*Second.* That in and by said last will and testament the defendant Jane E. Herrick was appointed executrix, and the defendant George W. Van Boskerck was appointed executor thereof, and they were therein and thereby empowered and directed, at any time after the decease of said testator, to sell at public or private sale, as they might deem best, and to convey any part, parcel, or portion, or all of his said real estate, and to apply the proceeds of such sales, first, in paying the mortgages on said real estate. Said executrix and executor were, by said will, directed, secondly, to invest so much of the proceeds of such sales in other real estate as should be necessary to keep and possess during the lifetime of the said testator's wife, Joanna M. Van Boskerck, real estate in the city of New York, of at least the value of $30,000, exclusive of incumbrances thereon, and out of and from the rents and income thereof to pay the annuity aforesaid to testator's said wife; and said executrix and executor were, in and by said will, permitted to convey such other real estate that should be so purchased, and to re-invest the proceeds in other real estate in the city of New York, from time to time, as they should judge best; and were directed to divide among said children and grandchildren in the respective proportions aforesaid any balance of the proceeds of said real estate not necessary to pay such mortgage and not required for reinvestment.

*Third.* That said last will and testament also contained the following clause: "And I further direct, that

at and after the decease of my wife, .Joanna M., all remainder. of my real estate, and all such real estate as shall then be held as aforesaid by my executrix and executor, shall then be sold and conveyed, and my executrix and executor are then authorized to sell and convey the same, dividing the proceeds among my four children above named, and my grandchildren above named, in the proportions aforesaid; my grandchildren taking one of five parts, and each of said four children one of five parts."

*Fourth.* That on or about the 1st day of June, 1855, the said John Van Boskerck departed this life, without altering or revoking his said will, and leaving him surviving his widow, the said Joanna M. Van Boskerck, and his said four children and three grandchildren.

*Fifth.* That on the 14th day of June, 1855, said last will and testament was duly admitted to probate by the surrogate of the county of New York, and recorded in his office, and letters testamentary were issued thereon to said executor on June 14, 1855, and to said executrix on November 10, 1855.

*Sixth.* That said testator was, at the time of his death, seised in fee of various pieces and parcels of real estate in the city of New York.

*Seventh.* That since the death of said testator, said executor and executrix had entered into possession of said real estate, and collected and received the rents and profits thereof, and had also, from time to time, sold various portions of said real estate, and divided and distributed said rents and profits, and the proceeds of said sales, among the persons entitled thereto.

*Eighth.* That said Joanna M. Van Boskerck died on the 15th day of April, 1870.

*Ninth.* That certain pieces and parcels of real estate (particularly described) of which said testator was seised at the time of his death, still remain unsold and undisposed of.

*Tenth.* That since the death of the said Joanna M. Van Boskerck, the plaintiff had requested said executor and executrix to carry out said will and sell said property remaining unsold as aforesaid, and divide the proceeds as directed by said will, but they had declined so to do, alleging as reason therefor that it would not be for the interest of the estate to have it sold until after the expiration of certain leases now on said property.

*Eleventh.* That neither said executor nor executrix reside in this State, but they both reside in the State of New Jersey, and neither of them has ever given security for the performance of his or her duties, as trustees, under said will, and the said George W. Van Boskerck is insolvent.

*Twelfth.* That said executor and executrix do not agree in the management of the said estate, and she has instituted proceedings against him in the surrogate's court of the county of New York, to compel an account of his proceedings under said will.

*Thirteenth.* That all the right, title and interest of the defendants, George W. and Elizabeth Van Boskerck and Floyd and Harriet A. Clarkson, has been by them sold, assigned, transferred and conveyed to the defendant Emma C. Van Boskerck.

And the referee found, as conclusions of law :

*First.* That by the clause of said will, referred to in his third finding of facts, the said testator intended that upon the death of his widow all of his real estate remaining unsold should then be sold immediately, and the proceeds divided as directed in said will, and no discretion is or ever was vested in said executor and executrix, or either of them, to delay said sale beyond the death of said widow, but immediately upon her death the said plaintiff, and each and all of said parties in interest, became and are now entitled to call upon said executor and executrix for an immediate sale of said property remaining unsold and above described, and

for a division of the proceeds thereof as directed by said will.

*Second.* That upon complying with the direction in the next succeeding finding provided, said executor and executrix should forthwith proceed and sell the above described real estate, and every part thereof, and execute deeds thereof to the purchaser or purchasers, and divide the proceeds as aforesaid; and judgment was directed accordingly.

*Third.* That said executor and executrix should give security for the performance of their duties under said will; said security to be a bond to the people of the State of New York, in the penalty of $80,000, with two sufficient sureties, residents of the State of New York, conditioned for the faithful performance, by said executor and executrix, of their duties as trustees under said will, and that they will well and truly account for and pay over to the parties entitled thereto all moneys, the proceeds of such sale or sales, said bond to be approved by a justice of this court; the sureties to justify upon at least two days' notice in open court, and said bond to be filed in the office of the clerk of the city and county of New York, and all within twenty days after notice of entry of the judgment should have been served.

*Fourth.* That unless said executor and executrix proceed at once to sell said property, and divide the proceeds, and give said security as aforesaid, they should both be removed from their places as trustees under said will, and a trustee appointed in their place to carry out the provisions of said will, and judgment was directed accordingly.

*Fifth.* That after said property should be sold, said executor and executrix should at once make a report of said sale to this court, and before making a division of the proceeds of said sale or sales, pay to the several parties to this action, or their attorneys, their costs and

expenses of this action to be adjusted and allowed by this court, and judgment was directed accordingly.

*Sixth.* That the complaint herein should be and the same thereby was amended, by conforming the same to the facts proved, so as to include any and all statements of facts therein contained,. and not contained in said complaint.

*E. A. Doolittle,* for the appellants.

*J. H. & B. T. Watson,* for the respondent.

*By the Court,* DAVIS, J.   Although the complaint in this case was filed for an accounting, as well as to enforce the execution of a power in trust for the benefit of the several beneficiaries thereunder, yet the findings of the referee and the judgment entered thereupon have substantially reduced the action to one for the enforcement of a power.   Nothing is found by the referee upon which an accounting could be ordered, and the judgment gives no directions in respect to any accounting.

In regard to the lands described in the report of the referee and in the judgment, the will contains a very plain power in trust, which it vests in the persons named as executors and executrix, with specific and plain directions as to the time of its execution.

The testator directs that "at and after" the decease of his wife, all the remainder of his real estate shall then be sold and conveyed, and authorizes his executrix and executor to sell and convey the same, dividing the proceeds among his children and grandchildren as specially directed.

It is not questioned by either side but that the fee of the lands affected by the judgment descended to the heirs-at-law of the testator, subject to the execution of the power.   The defendants herein insist that the execu-

Van Boskerck *v.* Herrick.

tor and executrix, who are devisees of the power, are clothed with a discretion as to the time when such sale should be made, and may exercise the same by declining to make the sale until it will be more advantageous than an immediate one. But no such discretion has been given by the testator. The words "at and after the decease of my wife" simply fix the point of time when the power shall vest in the executor and executrix. And the direction that the real estate "shall then be sold and conveyed," leaves no room to doubt that the power was to be presently executed.

In this case a large majority of the beneficiaries under the power were desirous to have its execution postponed till the expiration of the outstanding leases, and it is not difficult to see that if all could have concurred in that view, it would have been better for the interests of every one. But that fact, while it tends to show good faith on the part of the executor and executrix, is by no means controlling of the legal rights of the plaintiff.

The statute provides that "every trust power, unless its execution or non-execution is made expressly to depend upon the will of the grantee, is imperative, and imposes a duty on the grantee, the performance of which may be compelled in equity for the benefit of the parties interested." (1 *R. S.* 734, § 96.)

In this case, neither the execution nor non-execution, partial or complete, of the trust power, is made expressly to depend upon the will of the grantees. Its immediate execution could therefore be enforced by any or either of the beneficiaries. The judgment, so far as it directs the immediate execution of the power, is correct and should be affirmed. But we think some of the other provisions of the judgment cannot be upheld. The referee having found, as matter of fact, that both the executor and executrix are non-residents of this State; and that the former is insolvent; and that they do not

agree as to the management of the estate in respect of matters for which an accounting is pending before the surrogate, finds, as a conclusion of law, that they should give security in the form of a bond to the people of this State, in the penalty of $80,000, with two sufficient sureties, for the faithful performance of their duties under the will, and to pay over the proceeds of the sale or sales to be made by them, to the persons entitled thereto, within twenty days after notice of the judgment, or, in default thereof, that they be removed and a trustee appointed in their place to carry out the provisions of the will; and a judgment has been entered in conformity to this direction.

When we consider that under our statute the executor and executrix under this will are grantees of a beneficial and irrevocable power in trust, (1 *R. S.* 735, § 108; *Id.* 738, § 135;) and that such power is vested in them jointly and not severally; and as devisees or (to use the statute language) as grantees thereof, and not as executors, (*Dominick* v. *Michael,* 4 *Sandf.* 374;) and that both must unite in its execution, unless one be dead, in which case the statute provides that the survivor may execute it, (1 *R. S.* 735, § 112;) and that the execution must be by an instrument with the formalities, and sufficient in law to pass the estate, as if the person executing the power were the actual owner, (*Id.* 735, 736, §§ 113, 117;) it is difficult to see how the court can divest Mrs. Herrick and Mr. Van Boskerck of the trustees' power devised to them by the will because of their non-residence, or poverty, or inability to agree in the settlement of their accounts as executor and executrix. Nor can the court hamper its execution by the imposition of bonds as security for performance, and impose a forfeiture of the estate as a penalty for not executing the bonds. The most that the court can do is to compel them to execute the power by selling and conveying; and in that man-

ner only, in the condition of things existing in this case, can they be divested of the power conferred upon them by the testator. But while Mrs. Herrick and George W. Van Boskerck are the only persons who can sell and convey the real estate under the power, I have no doubt that when the equity powers of the court are invoked to set them in motion, it has authority, in a proper case, while compelling the execution of the power by them, with the formalities necessary to carry the title of the real estate, to make provisions in regard to the proceeds that will effectually secure the same to the several beneficiaries. The proper mode, in cases of danger of loss, would be to require the money to be paid into court for distribution; and the court can doubtless direct this to be done either absolutely, or on failure of the parties to give satisfactory security for the distribution of the fund after it reaches their hands. The grave error in this case is that the judgment undertakes to divest the power by taking it out of the persons to whom it is devised, on failure to give the prescribed bond, and to vest it in some trustee of its own nomination. It is extremely doubtful whether a title conveyed by such substituted trustee would be of any value.

The provisions of the Revised Statutes relative to trusts, (1 *R. S.* 730, 731, §§ 70–72,) relate to the "express trusts" treated of in that article, and have no application to the case now in hand.

The judgment must be modified by striking out the several directions relative to the bond to be given, and the appointment of another trustee to execute the power, and the judgment must be re-settled by this court, before one of the justices thereof, and as so modified, affirmed, without costs to either party as against the other on this appeal.

The appeal from the order made by the Special Term, on application for the appointment of a substituted

trustee, is necessarily disposed of by this decision. The order made below should be reversed altogether, and the motion denied, without costs to either party.

[FIRST DEPARTMENT, GENERAL TERM, at New York, January 6, 1873. *Ingraham* and *Davis*, Justices.]