WELLS R. RITCH, Appellant, *v.* JOHN B. SMITH, Impleaded, etc., Respondent.

An authority to an agent to collect and receive moneys for his principal does not authorize the agent to extend the time of payment.

To establish a ratification by a principal of an unauthorized act of his agent, it must appear that, the principal acted with knowledge of the facts; he cannot be held to have ratified acts which did not come to his knowledge.

In an action to foreclose a mortgage, one of the obligors in the bond secured by the mortgage claimed that he was discharged by reason of extension of time granted to S., a purchaser of the mortgaged premises, who had assumed and agreed to pay the mortgage. It appeared that an agreement was made between S. and one H., who was authorized by plaintiff to receive and collect the payments falling due on the securities, to the effect that S. should pay a portion of the principal in advance, and that the time for the payment of the residue should be extended. H. had no express authority to make the agreement for the extension. At his request plaintiff consented to take the payments in advance, but was not notified and did not know of the agreement for extension. It did not appear that either the bond or the mortgage were in the possession of H. ; he received the payments, gave receipts, forwarded the moneys to plaintiff, who indorsed them on the mortgage. *Held,* that the evidence failed to show authority in H. to extend the time, and that no ratification of the agreement was established.

(Argued October 14, 1880 ; decided November 9, 1880.)

THIS action was brought to foreclose a mortgage given to secure a bond executed by defendants, Smith and Schlesinger, against whom judgment was asked for any deficiency.

Smith defended upon the ground that the mortgaged premises were conveyed to one Steinert, who assumed and agreed to pay the mortgage, and that defendant, in consequence, became in equity simply a surety; he claimed to be discharged from liability because of an agreement for an extension of time for payment of a portion of the debt, made without his consent. The alleged agreement was made by Steinert with Thomas G. Ritch, the son of the plaintiff, and who assigned the bond and mortgage to the plaintiff. The agreement was to the effect that Steinert should pay a portion of the principal sum secured by the bond and mortgage in advance of the time of payment therein prescribed, and that the time for the payment of the residue should be extended to a time specified. Prior to making the agreement said Thomas G. Ritch had written to plaintiff asking him if he was willing to receive a portion of the principal in advance ; to this he assented. Nothing was communicated to plaintiff as to the extension of time.

It did not appear that Ritch had an especial authority over the bond and mortgage. He had "charge of the plaintiff's interest in them." It appeared that the plaintiff had personal custody of the mortgage from the time of the assignment of it to him until it was given to his attorneys for foreclosure, and that he had at that time the custody of the bond. Ritch testified that he sent the mortgage to the plaintiff at Stamford, when he made the transfer of it to him. He did not in this connection name the bond as having also been so sent. But it appeared that the plaintiff had the bond in his possession at some time together with the mortgage, as he delivered them together to his attorneys for prosecution. It also appeared that the agent made no indorsement on the bond of the payments, but gave receipts and sent the money to the plaintiff, who credited it on the mortgage.

The court say, " It is plain that the general authority of the agent did not permit an act of extension, and that there is not direct evidence of special authority therefor given in terms.

(*Smith* v. *Kidd*, 68 N. Y. 130.)   It is claimed that the circumstances of the case are enough from which to imply express authority.   The plaintiff and agent were father and son residing in different States, the latter in the same city with those who were to make payment.   This relationship may imply greater confidence in management and an easier disposition to ratify unauthorized acts ; but we are not able to see that it implies an express prior authority to do unusual and undesirable acts.   The plaintiff received the avails of ·the anticipated payments, and hence knew that they were made out of due time ; but it was in pursuance of a prior willingness expressed, on a request to do so, which request .gave no information of the desire or purpose of an extension of time of payment.   And the fact that the agent sought from the plaintiff the consent to take payment of part before it was due, is against instead of for a prior authority to do that act, or other act out of the usual course.   *   *   *   *   *   *   *   *

" Nor is there direct evidence of a ratification by the plaintiff of all the agent's acts.   The plaintiff received the money, and he must be held to have sanctioned all that accompanied the payment of it, and that came to his knowledge, but not that of which he was not informed.   *   *   *   *   *

" There is an entire absence of direct evidence of previous authority, or subsequent intelligent ratification.   If it be granted that there are circumstances that excite a suspicion that there was authority before, or information after, the agent's act, they are not sufficient to create a reasonable probability thereof."

*Wm. Henry Arnoux* for appellant.

*W. A. Beach* for respondent.

FOLGER, Ch. J., reads for reversal of order of General Term and for affirmance of judgment of Special Term.

All concur.

Order reversed and judgment affirmed.