JOHN L. STEWART, AS EXECUTOR, ETC., OF ANGUS McDONALD, DECEASED, PLAINTIFF, *v.* JENNIE HAMILTON, DEFENDANT.

*Will — when a power to sell real estate will be implied—restrictions on the time of sale.*

By the first clause of the will of the plaintiff's testator he gave and bequeathed to his executors all his property, both real and personal, of every name and nature, in trust for the purposes thereinafter named. He then gave legacies to various persons, and then directed the residue of his estate to be divided equally among certain persons named. The will then provided: "I enjoin my executors not to sell any of the real estate under three years, unless sold to advantage. Sold on time if to advantage."

*Held,* that an implied power to sell real estate was conferred upon his executors.

That the clause enjoining a sale for three years was not intended to suspend the power of alienation, but merely to allow the executors to hold the real estate for that time if they thought best.

CONTROVERSY presented upon a case agreed upon and submitted without process.

Angus McDonald died February 10, 1884, leaving his will, which was duly proven and admitted to probate, and letters testamentary thereunder were issued to the plaintiff. The first clause of the will is as follows : "After all my debts are paid and discharged I give and bequeath to my executors hereinafter named all my property, both real and personal, of every name and nature, in trust for the following purposes." By the second clause he directs the executors to put up a tombstone on Mt. Hope with Alexander McLeod's and Roderick's inscriptions on it, and to cost not less than $1,000 ; by the third clause to purchase a lot on Mt. Hope for poor Scotch unable to buy for themselves at a cost of from $200 to $300. Then followed bequests of legacies to a large number of persons respectively, and to and for several charitable and other purposes particularly mentioned, and thereafter the following provision : " The residue of my estate, if any, to be divided equally as follows : Donald Campbell, Montebello, Canada ; Alexander McLeod, Detroit ; John McLeod, Buffalo ; Norman McLeod, Isle of Skye, Scotland ; Mrs. Leslie Dalsie, Inverness, Scotland. I also bequeath to John McLeod all my furniture, clothing, watch. I enjoin my executors not to sell any of the real estate under three years unless sold to advantage. Sold on time if to advantage."

The testator never married. His only heirs-at-law were Alexander McLeod, Norman McLeod, John McLeod and Mrs. Leslie Dalsie. He left personal property not exceeding $500, and real property of the value of about $32,000. On the 20th day of February, 1885, the plaintiff as his executor made with the defendant a contract in writing whereby he agreed to sell to her, and she agreed to purchase, certain real property situate in the city of Rochester, N. Y., of which the testator died seized, for $14,800, payable on the 1st day of March, 1885, and he agreed to convey the same to her on payment of the purchase-money. The defendant refused to perform the contract on her part on the alleged ground that the will does not give to the executor any power to sell the decedent's real estate or to-

make the contract referred to. This contract of sale is advantageous to the interests of the estate.

The questions submitted are: 1. Does the will authorize the executor to sell the real property of which he died seized? 2. Does the will authorize the execution of the contract made with the defendant? If either of those questions is determined in the affirmative, judgment is to go against the defendant requiring her to perform the contract, with costs; and if in the negative, she is to have judgment relieving her from its performance and costs. The testator was a layman and wrote the will himself. The other person named in it as an executor renounced.

*George D. Forsyth*, for the plaintiff.

*Anson McNab*, for the defendant.

BRADLEY, J.:

The will does not in express terms affirmatively direct or empower the executor to sell his real estate. But, in view of the purposes of the devise to the executors and the provisions of the will, the power to sell is clearly implied and as effectually as if directly expressed. (*Morton* v. *Morton*, 8 Barb., 18, 20 ; *Livingston* v. *Murray*, 39 How., 102; *Mower* v. *Orr*, 7 Hare, 473; *Mandlebaum* v. *McDonell*, 29 Mich., 78; S. C., 18 Am. R., 61.)

The devise to the executors was in trust to sell for the benefit of legatees, and vested title for the purposes of the execution of the trust, which the plaintiff took as sole executor. (1 R. S., 728, § 55, sub. 2; Id., 729, § 60.) It is contended by the learned counsel for the defendant, that treating the devise as a purpose on the part of the testator to create a trust it is void, because by the terms of the will the absolute power of alienation is suspended in violation of the statute. (1 R. S., 723, § 15.) And this proposition is founded on the provision of the will by which the testator says: "I enjoin my executors not to sell any of the real estate under three years, unless sold to advantage ; sold on time to advantage." If this provision has the effect to deny to the executor the right to exercise any power of sale during the period of three years, it comes within the inhibition of the statute, and renders the devise void as a trust. But it does not seem to import any such purpose or intent of the testa-

tor, or to be entitled to such construction. By its terms it does not prohibit the exercise of power of sale during that or any term. The language may be construed as a qualification of the power, in so far as to require that a sale made within that time be to advantage, which always attends the power given to sell property held in trust. The matter of advantageous sale is wholly in the judgment of the executor. His action in that respect is not necessarily dependent upon judicial advice or direction of the court. There may have been a purpose in this provision not inconsistent with the unrestrained and immediate exercise by the executor of the power of sale, and in which may be found the intention of the testator in giving that provision to the will.

While he did not intend to deny to the executors the power to sell within three years, it may fairly be assumed that he did intend to enable them, during that time, to exercise their discretion unembarrassed by any pressure on the part of the beneficiaries to produce a sale and conversion of the real property into money. And this is further evinced by the permission given to sell on time, if sales to advantage required it. The unqualified power to sell, unless expressly dependent on the will of the grantee, is imperative, and the trustee may be compelled by the beneficiaries through the courts to execute it. (1 R. S., 734, § 96; *Hotchkiss* v. *Elting*, 36 Barb., 46; *Arnold* v. *Gilbert*, 5 id., 198; *Selden* v. *Vermilyea*, 1 id., 58; *Moncreif* v. *Ross*, 50 N. Y., 431–436; *Van Boskerck* v. *Herrick*, 65 Barb., 250.) The intent of the decedent evidently was that the execution of the power of sale should depend upon the will or discretion of the executors during the three years, and that they be governed by their judgment in respect to the advisability of doing it, having in view the benefit to the estate by advantageous sales.

This construction is justified by the provisions of the will and effectuates the apparent intention represented by them of the testator. And although the estate is vested in the executor only for the purpose of that which may be denominated an express trust (1 R. S., 729, § 62; Id., 730, § 67), the power of sale is as broad as the requirement of proceeds of the property for the execution of the will.

These views, if correct, dispose of all the questions necessarily

presented by the case submitted for the purposes of the relief required. It is deemed unnecessary to consider any other questions raised or to make any advisory suggestions in respect to matters not legitimately here for determination. It follows that the executor had power of sale and to make the contract in question with the defendant. And that the plaintiff is entitled to judgment requiring the defendant to perform the contract on her part, with costs.

SMITH, P. J., BARKER and HAIGHT, JJ., concurred.

Judgment ordered requiring the defendant to perform the contract on her part, with costs.