62 369
19ap205
62 369
41ap612

CHARLES WHITLOCK, RESPONDENT, v. WILLIAM T. WASH-
BURN, AS EXECUTOR, AND EMMA RICHARDSON, AS
EXECUTRIX, OF BENJAMIN RICHARDSON, DECEASED,
APPELLANTS, IMPLEADED WITH OTHERS, DEFENDANTS.

*Power in trust — when it is created — element of discretion in the donee — agency —
parol evidence — all donees must unite in exercising such a power — delegation — rati-
fication — must be with knowledge — damages.*

One Benjamin Richardson devised to his executor and executrix certain real
estate in trust, to sell the same "from, time to time, as the same can be sold
to advantage," and to pay the balance, after payment of debts and legacies, to
certain persons. Both of the executors having qualified, one of them there-
after made a contract, under seal, to sell some of the real estate which had
belonged to the testator, in which contract he was described as "William T.
Washburn, Exr.," his signature thereto being in the same form. The contract
bound "his heirs, administrators and assigns."
In an action brought by the purchaser to reform the instrument and enforce it as
reformed:
*Held,* that the action could not be maintained.
That as no valid express trust was created by the will the land descended to the
heirs of the testator, subject to the execution of the power in trust.
That the power was not merely given to the executors as such, but there being a
discretion given them as to the time and manner of the sale of the real estate,
it also involved an element of personal trust and confidence apart from their
office.
That the contract entered into was the contract of Washburn as an individual.
That, as it was under seal, parol evidence that it was intended as the contract of
the estate was inadmissible.
That the power could not be exercised by one of the donees only, nor could it be
delegated.
That as it could not be delegated it could not be ratified by parol.
That a ratification to be valid must have been in writing, subscribed by the prin-
cipal, and in such a form as would have made a valid contract within the statute
if it had been originally made in that form by the principal.
That a ratification must be made with full knowledge of the material facts, and if
it be of a written contract, with knowledge of its contents and the manner of its
making.
That there could be no recovery against the estate for damages, because the donees
of a power failed to exercise it after contracting to do so.

APPEAL by the defendants, William T. Washburn, as executor,
and Emma Richardson, as executrix, of Benjamin Richardson,

deceased, from a judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 13th day of March, 1891, after a trial at the New York Special Term without a jury, reforming a certain contract made by the defendant Richardson, as alleged, as such executor, by adding the name of Emma Richardson as such executrix, and declaring the contract, as reformed, to be a valid and binding obligation on the said William T. Washburn, executor, and Emma Richardson, executrix, etc., of Benjamin Richardson, deceased, and upon the decedent's estate, and in the event of a failure to perform on the part of the executor and executrix, awarding damages to the amount of $6,000 and costs to the plaintiff.

The will of Benjamin Richardson provided, among other things, as follows:

SEVENTH. I give, devise and bequeath to my executor William T. Washburn and to Emma Richardson, wife of my brother Joseph, my executrix and their successors in said office, all the balance of my real estate, wherever located, in trust for the purposes following:

*First.* I hereby direct my said executor and executrix to sell all said real estate from time to time as the same can be sold to advantage and out of the avails thereof, to pay all my just debts, all the incumbrances upon said real estate and all the legacies herein given, and after all said debts, incumbrances and legacies are paid, to pay the balance remaining to such of my children as may be living at the time of my decease, and the share of such of my children as now are or as may at the time of my decease be dead to their children in such proportion or shares as the law would give them if I died intestate.

I give, devise and bequeath the residue of my estate, if any, both real and personal, to my granddaughter Ella Birdsall, her heirs and assigns forever.

*H. G. Wood*, for the appellants.

*David McClure*, for the respondent.

BARRETT, J.:

This action was brought for the reformation of a contract for the sale of certain real estate in this city, and for a specific performance of such contract when reformed. The defendant Washburn is

executor, and the defendant Richardson is executrix of the last will and testament of Benjamin Richardson, deceased. The latter, in his lifetime, was the owner of the property in question, and by his will he devised this property, with other real estate, to these defendants, and to their successors in office, in trust to sell the same and to apply the proceeds in a certain manner not necessary to be now specified. The power is in the form of a direction " to sell all said real estate, from time to time, as the same can be sold to advantage.". Both the executor and the executrix duly qualified and have since acted.

It is entirely clear that the title to the property in question was not vested in the executor and executrix. There was no such express trust as is authorized by law, and, consequently, the land descended to the heirs of the testator subject to the execution of the power. At the same time, it should not be overlooked that, as donees of the power, these defendants act, under the will, as individuals clothed with a personal trust, and not in their characters of executor and executrix. As was said by DUER, J., in *Dominick* v. *Michael* (4 Sandf., 409): "An executor, as such, has no estate in the lands of the testator, and no authority to dispose of them. When he takes an estate, it is as a devisee, *and when an authority, as the donee of a power.*" It is true that, by the will, qualifying as executor and executrix is made a condition of the donees acting under the power, but having performed that condition they act, with regard to the real estate, as devisees of the power *thus created by the owner of the estate,* and not under the authority conferred by the surrogate. (*Newton* v. *Bronson,* 13 N. Y., 593; *Conklin* v. *Egerton's Administrators,* 21 Wend., 430.) The legal office of an executor should not be confounded "with that" (we quote from the opinion of COWEN, J., in the case last cited), " of one who is not so in any sense of the word, but who is the mere *donee of a trust power;* an authority which, so far from having any reference to the office of executor, might just as well have been conferred by the will on any other not named as executor, and one who might have executed the power without probate or letters testamentary."

It will also be observed that, although the direction to sell the real estate covered by the power is, in a sense, imperative, yet there is an element of discretion both as to time and advantage. This

latter consideration is also adverted to in *Conklin* v. *Egerton's Administrators*, and COWEN, J., quotes approvingly the rule laid down by SHERMAN, J., in the Ohio case of *Wills* v. *Cowper* (2 Ham. [Ohio], 124), to the effect that even an ordinary power given by the will to the executor to sell and convey land, that is, a mere " power to do an act of ordinary sale," is a personal trust, and that to render a sale under such a power good and valid, the executor must *personally assent and act.* " The opinion in this case " ( *Wills* v. *Cowper*), said COWEN, J. (page 442), " is farther material, as bearing on an argument advanced for the defendant in error, which supposed that a mere power to do an act of ordinary sale, was not the subject of that special trust and confidence which is considered by the law as so strictly personal that it cannot be delegated to another."

Let us now consider the facts upon which the questions presented by this appeal arise. Upon the 28th of June, 1889, the defendant Washburn made a contract with the firm of R. H. Gibbs & Co., through one Murphy, for the sale of a part of the real estate embraced within the power. The contract was in writing and under seal. In it " William T. Washburn, Exr.," is named as party of the first part, and the instrument is signed " William T. Washburn, Exr." It does not anywhere profess to be made on behalf of the estate of the testator, nor in execution of the power conferred by the will. Nor was the executrix in any manner a party to it. Upon the face of the instrument, therefore, it is the naked personal specialty of William T. Washburn, who describes himself as " Exr.," and who, in specific terms, binds " his heirs, administrators and assigns." The contract was prepared and signed with full knowledge on both sides of Mrs. Richardson's existence as acting executrix, and the claim that there was a mistake of fact in that respect is wholly without foundation. In fact, the contract was not even prepared by Mr. Washburn, but by a person who drew it at Mr. Murphy's request, and the vendee's signature was procured by Murphy in the absence of Washburn. This Mr. Murphy testified that he asked Washburn if it was not necessary to have Mrs. Richardson's signature, and that Washburn replied that one was as good as twenty. Murphy added that he had never asked Mrs. Richardson to sign the contract, because he did not think it was necessary. Whatever mistake there was, was clearly as to the legal effect of the contract as

drawn. There certainly was no mistake of fact. But the respond-ent does not attempt to sustain the judgment as to the reformation of the contract. To do so would, indeed, be a difficult task. For the reformation of a contract under seal between A and B, so as to make it a contract with C also, C. never having heard of it until after it was signed, on the ground of mistake of law, as between A and B, would certainly be a novelty, even in modern jurisprudence.

We might properly rest here and reverse the judgment upon the ground that the third finding of fact is unsupported by any evidence of "mutual mistake and oversight," and that the first conclusion of law directing a reformation of the contract is, therefore, erroneous. But it is proper to go further and to consider some of the other questions which have been presented.

The respondent claims that even if the contract be not reformed in a technical sense, it should be treated as the contract of the non-signing executrix, for the reason that she consented to its being made, and also ratified it. Apart from the question of fact upon that head, which we will consider hereafter, there are legal difficul-ties in the respondent's way. The contract is not that of the estate of the testator, nor of the executor as one of the donees of the power conferred by the will. As it is under seal, parol proof was inadmissible to show that it was not Mr. Washburn's individual contract. It is entirely well settled that an executory contract under seal for the purchase of lands, made by the vendee in his own name, cannot be enforced as the simple contract of another not mentioned in or a party to the instrument, on proof that the vendee named had oral authority from such other to enter into the contract and acted as his agent in the transaction. (*Briggs* v. *Partridge*, 64 N. Y., 357; *Townsend* v. *Corning*, 23 Wend., 435; *Townsend* v. *Hubbard*, 4 Hill, 351.) In *Spencer* v. *Field* (10 Wend., 87) it was held that even where the agent describes himself as agent or attorney for his principal, the contract is the contract of the attorney, not the principal.

Now, in the case at bar there can be no doubt that as the power was vested in both the executor and executrix, who had qualified and were alive, both were required to unite in its execution. (1 R. S., 735, § 112; *Van Boskerck* v. *Herrick*, 65 Barb., 258; *Matter of Van Wyck*, 1 Barb. Ch., 569; *Ogden* v. *Smith*, 2 Paige, 198;

*Taylor* v. *Morris*, 1 N. Y., 358; *Berger* v. *Duff*, 4 Johns. Ch., 368; *Wilder* v. *Ranney*, 95 N. Y., 12.) Mrs. Richardson has neither united with Mr. Washburn in the execution of the power nor has she contracted to do so. Mr. Washburn did not profess to contract for her, and his contract covered nothing save the execution of the power on his part. Nor could Mrs. Richardson delegate her power. There was no imperative mandate to sell at once and at the best obtainable price. Whether the time had come to sell to advantage, whether the price was adequate, whether the terms were satisfactory, were all questions which she was bound to consider independently. The element of discretion was there, and it was her duty as well as her right to exercise that discretion. In *Newton* v. *Bronson* (13 N. Y., 587), it was held that an executor, empowered to sell lands in his discretion, cannot authorize an agent to contract for their sale; that the power is personal and cannot be delegated. It was also held that where such a contract has been executed by the agent without authority, it cannot, in the case of an executor, be ratified by parol. The rule is distinctly laid down that where the principal could not delegate authority to the agent to make the contract, the ratification must be in writing, subscribed by the principal, and in such form as to render the contract valid within the statute as one originally made by him. (See, also, *Haydock* v. *Stow*, 40 N. Y., 371.) These views would seem to foreclose the plaintiff upon the law and to be decisive of this appeal. We have, however, considered the evidence upon which a parol ratification is sought to be made out, and we find that it is wholly insufficient to warrant the finding of fact upon that head. It is clear that Mrs. Richardson knew nothing about this contract until some days after it was signed. Then Mr. Murphy saw her and said — we give his testimony —" Good morning; you know I have sold those lots?" She replied, "Yes, I have told Mr. Wood and Mr. Washburn that they could do as they are a mind to in regard to the sale of those lots." Then Murphy spoke of the sale being for $10,000, and that he thought he had made a good sale. She smiled and said: "I told Mr. Wood and Mr. Washburn." This was Murphy's direct testimony, and upon cross-examination he said that what thus took place between himself and Mrs. Richardson did not amount to a conversation. "It was a passing remark; she was going out."

This is substantially the testimony upon which the claim of ratification rests. Even that testimony is denied by Mrs. Richardson. But, granting its truthfulness, it amounts to nothing more than a loose declaration of a general and inconclusive character. It was not made with knowledge of all the facts, nor with even a pretense of such knowledge. Mrs. Richardson may have known that the sale was for $10,000, but apart from that fact she knew nothing of the terms of the contract, nor did she even know the names of the parties to it. The rule is, that a person ratifying an unauthorized act done by another, in his behalf, must have full knowledge of all the essential facts (Wharton on Agency, §§ 65, 614, and cases there cited; *Seymour* v. *Wyckoff*, 10 N. Y., 213; *Rowan* v. *Hyatt*, 45 id., 140; *Ritch* v. *Smith*, 82 id., 627); and where such act consists in the execution of a written contract, " it is," as was said by Peckham, J., in *Rowan* v. *Hyatt* (*supra*), " essential that a party should know *what contract has been made*, and, in a case of this sort, substantially how it was made, before his statement or letter can ratify or affirm it."

Nor was there any evidence of original authority; that is, of authority to *execute this contract on Mrs. Richardson's behalf*. It is true that, prior to the signing of the contract, there had been conferences between Mr. Washburn and Mrs. Richardson with regard to a sale. She was then told of Murphy's offer and said that she would like to sell the lots, and that they had better sell them if what Murphy offered was a fair price. These and similar expressions were proved. But there was nothing whatever in these conferences or in the expressions there used which authorized Mr. Washburn, ultimately, to act alone or to bind Mrs. Richardson by any contract. The case on both of these heads is weaker than that of *Ritch* v. *Smith* (*supra*). There the court intimated that there were circumstances sufficient to excite a suspicion that there was authority before, or information after, the agent's act, yet the conclusion was that neither original authority nor subsequent *intelligent ratification* was made out. That is also our conclusion in the present case. Whatever Mrs. Richardson knew about either a proposed or an actual sale, she knew nothing as to its consummation, never authorized the contract which was signed, and never intelligently ratified it after it was signed.

There are other and serious questions presented in this appeal which, in the views already taken of the case, it will be unnecessary to consider. We may say, however, that the judgment for damages against the estate is not warranted even by the findings which were made at Special Term. The contract was not upon behalf of the estate, nor by the executor as such. Even if Mrs. Richardson had signed the contract (with Mr. Washburn), that would not have bound the estate. It would still have been the contract of the donees of the power, and not of the executor and executrix as such. Clearly, the estate cannot be mulcted merely because the donees of the power fail to carry out their contract for the sale of real estate made in execution of the power.

The judgment should be reversed and a new trial ordered, with costs to the appellants to abide the event.

Van Brunt, P. J., concurred.

Judgment reversed and new trial ordered, with costs to the appellants to abide event.