MOHN v. KING et al.

(Supreme Court, Appellate Division, Third Department. May 9, 1899.)

1. EVIDENCE—EXCEPTION—APPEAL—EXECUTORS—DEEDS.

Defendant objected to the introduction of a deed which recited that the grantors were the surviving executors, because one of them did not sign. The court overruled the objection, it appearing that this executor had never qualified, and defendant did not then except. Defendant thereafter proved that the executor had qualified, and was living when the deed was made, and that the will vested the title in the executors with power to sell, and then renewed objections to the deed, and moved to strike it, which were refused, and exception taken. Held, that the exception was sufficient to bring the original ruling up for review.

2. DEED BY EXECUTORS.

One of several executors authorized by will to convey not having joined in the deed, it was ineffectual to pass the title.

Appeal from trial term.

Action by John C. Mohn, by guardian, against John King and John G. McCullough, as receivers, etc., of the New York, Lake Erie & Western Railroad Company. From a judgment for plaintiff and an order denying a new trial, defendants appeal. Reversed.

The plaintiff in his complaint alleges that he was, and still is, the owner and in possession of about 100 acres of land, located in the town of Cochecton,

58 N.Y.S.—7

Sullivan county, in this state; that such lands were wild timber lands, and were covered with valuable trees, timber, and a growth of young saplings and poles; that on the 15th, 16th, and 17th days of May, 1894, fire caught from the locomotives which were run by the defendants, as receivers of the New York, Lake Erie & Western Railroad Company, and that such fire was communicated to the premises of the plaintiff, where it burned up, killed, and destroyed a large quantity of trees, timber, lumber, saplings, and poles on plaintiff's premises; and he alleges that such fire was caused by and through the negligence of the defendants. The defendants in their answer put in issue all the allegations of the plaintiff's complaint, except the allegation that the New York, Lake Erie & Western Railroad Company, as a railroad corporation, is the owner of the New York, Lake Erie & Western Railroad, and that the defendants are the receivers of such railroad company. The plaintiff, to establish his title to the premises in question, upon the trial offered in evidence a deed of such premises from Peter Seip and Peter Fahrenz, described therein as the surviving executors of the last will and testament of Gabriel Miller, late of Damascus, Wayne county, Pa., to Christopher Mohn, of the town of Cochecton, county of Sullivan, state of New York. The defendants objected to its being received in evidence "as making title, as it does not appear to have been executed in accordance with the powers contained in the will." It appeared in evidence that the widow of Gabriel Miller was named as one of the executors of Miller's estate, and before ruling upon the objection the court asked the following question: "Q. She never qualified, did she? A. I do not know whether she qualified. She lived in Pennsylvania. She did none of the business." The defendants' objection was thereupon overruled, no exception was taken to that ruling, and the deed was admitted in evidence. Upon the cross-examination of the witness upon the stand, when the deed was offered in evidence, it appeared that Mrs. Miller was living when the deed was executed and for several years afterwards. Subsequently the plaintiff offered in evidence the will of Gabriel Miller, together with the evidence taken upon its probate in the state of Pennsylvania, and with the qualifications or oaths of office of Peter Seip, Peter Fahrenz, and Elizabeth Miller, as executors of such last will and testament, which purported to have been recorded in the surrogate's office in the county of Sullivan, in accordance with the provisions of chapter 311 of the Laws of the State of New York passed in 1864. By such will it appears that the testator appointed his wife, Elizabeth Miller, Peter Seip, and Peter Fahrenz his executors, and provided therein also as follows: "I hereby vest in my executors, or the survivors of them, full power and authority to dispose of my estate in fee simple, or any part thereof, should it become necessary for the payment of my debts and the foregoing bequests." The record from the surrogate's office having been offered and received in evidence, the counsel for the defendants renewed his objection to the reception of the deed in evidence, and moved to strike it out on the following grounds: "First. It appears now that Mrs. Miller qualified and took the oath, by which she qualified herself to act, that she would well and truly comply with the provisions of the will, and well and truly administer the will. Secondly. It nowhere appears yet that any persons qualified to act as executors of this will, in the state of New York, and had letters issued to them as required before they could act." The objection of the defendants to the deed was overruled, and the motion to strike it out denied, to which the defendants excepted. The plaintiff, to complete his chain of title, then put in evidence a deed from Christopher Mohn to himself of the same premises, conveyed to him by Seip and Fahrenz, as executors. The jury rendered a verdict against the defendants, and in favor of the plaintiff. A motion was made upon the minutes for a new trial, which was overruled, and from the judgment entered upon such verdict and from the order denying the motion for a new trial this appeal is taken.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Henry Bacon, for appellants.
John F. Anderson, for respondent.

HERRICK, J.    Various questions are raised upon this appeal by the appellants, but it seems to me that the only one necessary to be considered is the one presented upon the defendants' objection to the reception in evidence, and the refusal to strike the same out of the evidence, of the deed from Peter Seip and Peter Fahrenz to the plaintiff's grantor.    It is said that no question can be raised here, because the defendants did not except to the ruling of the court receiving the deed in evidence.    The defendants made their objection, and the court thereupon examined the witness, and it not appearing that the third named executor, Elizabeth Miller, had ever qualified, and the deed reciting that the parties named in it as grantors were the surviving executors, the inference from that being that she was dead, the court overruled the objection, and at that time the defendants did not except.    Immediately thereafter additional evidence was given from which it affirmatively appeared that Elizabeth Miller had, with the other two executors, qualified and taken the oath of office as executrix, and was living for several years after the execution of the deed.    The defendants then again made their objections to the deed, and moved that it be stricken from the evidence, and their objections were overruled and motion denied, and then they excepted thereto.    I think this sufficiently presented the objection, and called the attention of the trial court to the fact that the defendants did not assent to its rulings.    The power of sale under the will having been vested in the executors and executrix, and the executrix having qualified as such, and being living at the time of the execution of the deed, to render such instrument effectual to pass the testator's title the executrix should have joined in executing the deed.    2 Rev. St. (9th Ed.) p. 1808, § 112; Wilder v. Ranney, 95 N. Y. 7–12; Whitlock v. Washburn, 62 Hun, 369, 17 N. Y. Supp. 60.

The plaintiff relied entirely upon his record title, and, the deed in question being ineffectual to convey title, the judgment and order appealed from should be reversed, and a new trial granted, with costs to abide the event.    All concur.