[Cramton v. Rutledge, et al.]


# Cramton *v.* Rutledge, *et al.*

### *Bill for Partition.*

#### (Decided June 18, 1908. 47 South. 214.)

1. *Powers; Execution; Delegation of Authority.*—Where a life tenant is authorized to sell and dispose of such portions of a testator's estate as the life tenant may think best, either at public or private sale, and upon such terms as the life tenant may deem advisable, the life tenant cannot delegate the execution of the power to the probate court, and cannot substitute the judgment of that tribunal for hers in making the sale; hence, a sale in partition under the decree of the probate court at the instance of the life tenant cannot be considered as an execution of the power. ·

2. *Same.*—Where a life tenant with power to sell institutes partition proceedings for a sale of the property, and there is nothing in the petition filed making it clearly appear that it was the intention of the life tenant to so execute the power, or whether it was the intention to sell only the life estate, and this is not shown by the record of the proceedings, an execution of the power to sell vested in the life tenant by the will is not shown.

3. *Partition; Remainderman.*—Unless the remaindermen are made parties to partition proceedings instituted by the life tenant, the estate of the remaindermen cannot be sold.

4. *Plea; Tenancy in Common.*—Where the facts alleged in a plea or answer to a bill for partition clearly show that the respondent was a tenant in common with the complainant, the setting up of a title superior to complainant in such an answer or plea, is bad.

5. *Adverse Possession; Life Estate; Life Tenant.*—The possession of a life estate cannot become adverse to the remaindermen until after the death of the life tenant.

6. *Tenancy in Common; Possession of Co-tenant; Adverse Possession.*—Possession by one tenant in common is prima facie the possession of all, and does not become adverse, unless there is an actual ouster or unless the adverse character of the possession is actually known to the other tenants, or is so open and notorious in its hostility and exclusiveness as to charge the cotenant with notice of its adverse character.

7. *Adverse Possession; Sale of Property so Held.*—Where the interest or estate is held by devolution under the statute, the principle that a conveyance is void if executed when a third person is in the adverse possession of the premises, has no application.

APPEAL from Monagomery City Court.

Heard before Hon. A. D. SAYRE.

Bill by T. J. Rutledge, and others against F. J. Cramton for partition of real estate. From a decree granting relief respondent appeals. Affirmed.

The following are pleas 4, 5, 6, and 7, referred to in the opinion:

"(4) He admits that the undivided half interest in said property not belonging to said A. R. Bell belonged in his lifetime to his brother William D. Bell. He admits that a petition for partition was filed in said court as alleged in paragraph 4 of the bill, but denies that said petition was filed in the year 1886, but alleges, on the contrary, that it was filed on the 18th day of June, 1885, and avers the facts to be as follows: That on the 18th day of June, 1885, the said Rebecca M. Bell and Elizabeth H. Bell filed in the probate court of Montgomery county, Ala., a petition for the sale of said lands, in which it was averred that said Rebecca M. Bell was entitled to an undivided one-half interest therein, and the said Elizabeth H. Bell and other persons therein together named together were entitled to an undivided one-half interest, and that said lands could not be equitably divided between said parties without a sale, and praying that commissioner be appointed to make a sale of said property for the purposes set forth in said petition, and that all orders might be made necessary to consummate the sale in accordance therewith. That said Rebecca M. Bell and Elizabeth H. Bell signed said petition in their own proper person, and swore to the same before James Jackson, Esq., a notory public and an ex officio justice of the peace. That Maggie L. Bell, Gustava Bell, and Mary P. Bell, the minor children of said Elizabeth H. Bell, and William B. Bell, were made parties defendant to such petition, and on the 6th day of July 1885, T. Scott Savre, Esq., was duly appointed guardian ad litem for said minors, which appointment

he accepted in writing. That thereafter, on the 7th day of December, 18855, said probate court made and caused to be entered a decree appointing John L. Cobbs, S. C. Marks, F. M. Billing, and F. H. Warren as commissioners to make a sale of said property in accordance with the said decree and the prayer of said petition. That thereafter, on the 13th day of December, 1885, the said commissioners filed in said cause in said court a report in writing setting up that in pursuance of said decree of December 7, 1885, they made a sale of said property, and that at said sale Thacker Howard Bell had become the purchaser thereof at and for the sum of $2,005, which was the full value of said property, and the said purchasers had paid to said commissioners in cash $1,000.50, besides $73 in cash, being one-half of the costs, and had filed with the said commissioners a written acknowledgment and receipt, signed by the said Rebecca M. Bell, acknowledging that she had been fully settled with by the said Thacker H. Bell for her half interest in the proceeds of said sale, and that, a certified copy of said receipt and acquittal is attached hereto as a part of said proceedings. That the said T. J. Rutledge, whose name is signed to said receipt as a witness, is the identical T. J. Rutledge who is complainant in this cause. That said report of sale was ordered to lie over till January 11, 1886, and on said date a decree was rendered in said cause in said court, confirming the same as reported by said commissioners, and a decree for the distribution of the proceeds thereof and confirming the settlement made with said Rebecca M. Bell and Betty Bell as contained in said report and directing that the share of the proceeds of the sale of said lands for said minors be paid into court. A certified copy of all the proceedings had in said cause is hereto attached as Exhibit A, further answering said paragraph, respondent admits

that Thacker Howard Bell became the purchaser at said sale, but alleges that he so became the purchaser, not only of the undivided one-half interest of W. B. Bell, or his heirs, in said lands, and his own interest as one of said heirs, but also became the purchaser of the undivided one-half interest which had belonged to said A. R. Bell; and respondent denies that said proceedings for the sale of said property are void as to the children of A. R. Bell and void as to the complainants. Respondent further avers that immediately after the confirmation of sale as hereinabove set forth the said commissioners executed and delivered to said Thacker Howard Bell a deed purporting to convey to him the entire interest and estate in and to said property a certified copy of which deed is hereto attached, marked 'Exhibit B,' and made a part of this answer. That thereupon, and claiming under said deed, said Thacker Howard Bell went into possession of all of said land and retained possession thereof until the 15th day of July, 1889, when he conveyed the same to F. A. Pomeroy for a recited consideration of $4,000, which deed purported to convey to said Pomeroy the entire interest estate, and title in and to said property, and upon the execution of said last-mentioned deed said Pomeroy went into possession of said property, claiming under said deed, and remained in possession thereof until the 23d day of July, 1903, when the heirs of said Pomeroy, upon a recited consideration of $4,250, sold and conveyed said property to W. J. Parker, a copy of which is hereto attached, marked 'Exhibit C.' That on the 24th day of January, 1905, said Parker and wife conveyed said property to the respondent, F. J. Cramton, for a recited consideration of $4,750. Respondent avers that each of said several persons who conveyed said property by said deeds was respectively in possession of same claiming the title thereto, at the date of

[Cramton v. Rutledge, et al.]

each of said respective conveyances, and delivered the possession of said property to each of said respective purchasers as and when said deeds were made. And respondent, on these facts stated, pleads that complainant is barred of all right of relief.

"(5) And by the way of further plea this defendant says: That on the facts stated in the fourth paragraph of this answer, which are here referred to as if again fully set forth, this defendant and those under whom he claims, as stated in said fourth paragraph, have been in the actual possession, claiming the same under color of title, adversely to the right and title of the complainants and all other persons, continuously, for a period of more than ten years prior to the commencement of this suit. And respondent pleads said adverse, exclusive, and continuous possession of said lands for said period of more than ten years before the commencement of this suit in bar of the relief sought by said complainants.

"(6) And this defendant, on the facts stated in the said fourth paragraph of this answer, which is here referred to as again fully set forth, pleads that said complainants cannot have and maintain this suit, for that the said T. J. Rutledge, one of said complainants, in and by his act of becoming a witness to said receipt and in signing his name as such estopped himself from questioning or denying the validity of said proceedings to pass title to said lands to said purchaser under said proceeding.

"(7) And this defendant, for further plea says that the complainants cannot have and maintain this suit, for this; that the only interest acquired, held, or owned by the complainant T. J. Rutledge in the property sued for was acquired by him while the defendant, F. J. Cramton, was in actual and exclusive possession of said lands, holding the same under the deed from said W. J.

10 R

Parker to him, set forth as Exhibit E to this answer, and which is hereby referred to, and was then claiming the title to said lands under said deed. And, for further plea in this behalf, this defendant says that Rebecca B. Rutledge, the mother of the complainants other than T. J. Rutledge, and wife of said T. J. Rutledge, died on, to wit, the ——— day of ———19——, and at the time of her death said heirs of said Pomeroy were in the actual, exclusive possession of said lands, claiming the same under the deed executed to him by the said T. Howard Bell, set forth as Exhibit C to this answer, and which is here referred to as a part of this plea. That the said heirs of said Pomeroy, and those under whom they claim title to said property by the conveyances which are set out as Exhibits B and C, respectively, to this answer, had been for more than ten years prior to the death of said Rebecca B. Rutledge in the actual and continuous possession of said lands and claiming the same adversely to her title. That while so in the possession of said land said Pomeroy heirs sold and conveyed the same to one W. J. Parker, who went into possession of the same lands and claiming the same adversely to her title. That while so in the possession of said land said Pomeroy heirs sold and conveyed the same to one W. J. Parker, who went into possession of the same under his said purchase, and that while said Parker was in the possession of the same he sold and conveyed the same to this defendant, who was at the time of the filing of this bill in this cause in the possession of said lands. And this defendant says that on the facts stated in this plea by defendant, complainants cannot have and maintain this suit, and that the said Rebecca B. Rutledge was at the day of the commencement of this suit, and is, barred by the statute of limitations of ten years."

[Cramton v. Rutledge, et al.]

FRED S. BALL, for appellant.—Counsel discusses assignments of error, but without citation of authority.

GUNTER & GUNTER, for appellee.—The pleas are insufficient because "The facts stated in this the 4th paragraph of this answer," do not meet and deny or confess and avoid the express allegations of the bill.—*McKay v. Southern Bell*, 111 Ala. 337. Adverse possession is not shown as against the remaindermen.—*Ashford v. Ashford*, 136 Ala. 632; *Alexander v. Wheeler*, 69 Ala. 332; *Thomas v. Thomas*, 2 K. & J. 83; *Zella v. Eckhert* 4 How. 289; Newell on Ejectment, pp. 132 and 417. No estoppel is shown by the plea.—*Williamson v. Jones*, 64 Ala. 900; *Brant v. B. C. & I. Co.*, 93 U. S. 226. Remaindermen are indispensable parties to a proceeding to sell their land for any purpose.—*Gayle v. Johnson*, 80 Ala. 398; *McQueen v. Steiner*, 91 Ala. 272; *Fitts v. Craddock*, 39 South. 506.

TYSON, C. J.—The equity of the bill in this cause was determined on former appeal.—*Rutledge v. Cramton*, 150 Ala. 275, 43 South. 822. It was then held that the partition proceedings in the probate court for the sale of the land here in controversy, upon the petition of Mrs. Bell, who took a life estate under the will of her husband, and to whom was committed the authorization "to sell and dispose of such portions of my (testator's) estate as she may think best, either at public or private sale and upon such terms as she may deem advisable," was not an execution of the power conferred by the will. The holding seems to have been predicated upon certain statutes. Independent of and aside from these statutes, the conclusion reached was clearly correct, for the obvious reason that the power conferred reposed in Mrs. Bell a personal trust and confidence to exercise her own judgment or discretion, which could be discharged only by

her personally. In other words, she could not delegate the execution of the power to the probate court to become for her, in her stead, the vendor of the property. There could be no substitution of the judgment of that tribunal for hers in determining the manner of exposing the property to sale and the terms of sale, which had been expressly confided to her.—*Chambers v. Tulane,* 9 N. J. Eq. 146; *Naundorf v. Schumann,* 41 N. J. Eq. 14, 2 Atl. 609; *Lanning v. St. Francis Hospital,* 35 N. J. Eq. 392, 400; *Saunders v. Webber,* 39 Cal. 287; *Suarez v. Pumpelly,* 2 Sandf. Ch. (N. Y.) 336; *Conklin v. Egerton's Adm'r.* 21 Wend. (N. Y.) 430; *Whitlock v. Washburn,* 62 Hun. 369, 17 N. Y. Supp. 60; *Wills v. Cowper,* 2 Ohio 124.

In the leading case of *Bulteel v. Abinger,* 6 Jur. 412, one of the trustees declined to take any part in the sale of the trust property, other than to authorize his co-trustee to sell the estate under their powers. A sale was effected by this co-trustee accordingly, and on a bill for specific performance, brought by the vendee, it was held, first, that the fact of the trustees being also executors did not give each trustee, qua trustee, authority to deal exclusively with the property; and, second, that Lord Abinger could not lawfully delegate to his co-trustee an authority to sell the estate of his son, without reserving to himself a veto on the contract. In Hill on Trustees, p. 474, it is held that a trustee is not justified in delegating the power of sale to a stranger, nor even to a co-trustee. In *Hawley v. James,* 5 Paige (N. Y.) 487, the principle is thus stated: "A trustee who has only a delegated discretionary power cannot give general authority to another to execute the same, unless he is specially authorized so to do by the deed or will creating such power." And in *Pearson v. Jamison,* 1 McLean, 197, Fed. Cas. No. 10-879, it is held: "Where an executor by

[Cramton v. Rutledge, et al.]

the will is empowered to sell real estate in the best mode in his judgment for the interest of the estate, he cannot delegate the power to another." In *Berger v. Duff*, 4 Johns. Ch. (N. Y.) 368, the case was this: The testator authorized his executors, B. and C., to sell certain lots of land, if under the circumstances of the times they should deem it prudent; and C. having gone abroad, sent a power of attorney to his co-executor to sell the land on such terms as he should deem expedient. Held, that an agreement for the sale, entered into by B., for himself and C., was not valid, and a bill filed for specific performance of it was accordingly dismissed. The Chancellor, in deciding the case, said: "The agreement to sell was not valid, being made by one executor without the personal assent and act of the other. The power was not capable of transmission or delegation from one executor to the other, and the rule of law and equity on this point is perfectly well settled." Numerous other authorities might be cited, and quotations indulged; but these will suffice to establish the want of capacity in Mrs. Bell to transmit to the probate court the right to exercise the power, conferred upon her personally, to sell the lands. And perhaps this is the principle upon which the ruling should have been placed upon former appeal, rather than upon the statutes cited in response to the application for rehearing.

But, should we concede that Mrs. Bell could have delegated her power to sell the land to the probate court, it is not made to appear that it was her intention to execute the power by and through the partition proceeding had therein. The petition filed by her jointly with another nowhere refers to the power. That she owned a life estate in the land cannot be denied; and that she had the right, as owner of such an estate, to have the land sold for division, does not seem to have ever been

questioned in this jurisdiction. The only doubt that has ever been entertained was whether she, as the owner of the life estate, could have compelled the remainder-men to unite with her in the suit, or have compelled a partition which would have been binding after the termination of her life estate by making the remainder-men parties.—*McQueen v. Turner,* 91 Ala. 276, 8 South. 863. Having the right, as owner of a life estate to institute and maintain the partition proceeding for a sale of the land, how can it be affirmed with any degree of certainty that she was not proceeding in that right, but in her right as a donee of the power under the will? There is nothing in the petition filed by her, or shown by the record of that proceeding, which makes it clearly appear that it had been her intention to execute the power; and if it be uncertain whether it was her intention to execute the power and thereby sell the entire life estate, the execution of the power is not shown. When the circumstances, as here, are so equivocal as to leave the mind in doubt whether an execution of the power was at all intended, it must be held that it was not executed. To put the proposition in the language of Mr. Story: "For if he' [the donee of the power] leaves it uncertain whether the act is done in execution of the power or not, it will not be construed to be an execution of the power." 2 Story, Eq. Jur. § 1062; 22 Am. & Eng. Ency. Law, p. 1113, and cases cited in note 2.

There is no pretense that the remaindermen, from whom the complainants claimed to have derived title, were parties to the partition proceeding. Indeed, the record of that proceeding shows that they were not, and clearly, in order to sell their estate in the land, it was necessary that they should have been parties.—*Gayle v. Johnston,* 80 Ala. 395; *Fitts v. Craddock,* 144 Ala. 437, 39 South. 506, 113 Am. St. Rep. 53; *McQueen v.*

[Cramton v. Rutledge, et al.]

*Turner,* supra. It results that it must be held that these complainants have the title to the land as tenants in common with the respondent, Cramton, unless they have been dispossessed of it otherwise than by the partition proceedings. On the facts alleged in the fourth paragraph of the answer, which is made a plea, it is clear that Cramton acquired the title to the life estate of Mrs. Bell, and to the estate of the other parties to the partition proceeding, and that of T. Howard Bell thereby making him (Cramton), as we have said a tenant in common with complainants. It is also true that this relation existed between the remaindermen under the will and those through whom Cramton derived his title. The plea, therefore, is wholly bad, as one setting up a title superior to that of the complainants.

By the fifth plea the defense of adverse possession for ten years is attempted to be invoked, to defeat the complainants' title. This defense is expressly predicated upon the facts alleged in the fourth plea, with respect to the possession of Cramton and those through whom he claims. With respect to the possession of those persons, as owners of the life estate of Mrs. Bell, in this jurisdiction, it is not possible for that possession to have become adverse until after her death, for the obvious reason that the right of the remaindermen to enter, or to sue for the establishment or recovery of their interest, never arose until after her death.—*Edwards v. Bender,* 121 Ala. 77, 25 South. 1010, and cases there cited; *Washington v. Norwood,* 128 Ala. 390, 391 30 South. 405; *Bolen v. Hoven,* 143 Ala. 625, 39 South. 379; *Hinton v. Farmer,* 148 Ala. 211, 42 South. 563. As to their possession as tenants in common, it is prima facie presumed to be the possession of all, and could never become adverse to the complainants and those through whom they derived title, unless there was an actual ous-

ter of them, or unless the adverse character of their pos-session was so open and notorious in its hostility and ex-clusiveness as to put their co-tenants on notice of its adverse character, after their right to the possession ac-crued—which was, of course, after the death of Mrs. Bell, the life tenant.—*Ashford v. Ashford,* 136 Ala. 631, 640, 34 South. 10, 96 Am. St. Rep. 82; *Hamby v. Fol-sam,* 148 Ala. 221, 42 South. 548. Applying these prin-ciples to the facts averred with respect to the possession, it is entirely clear that the plea is insufficient.

That portion of plea 7 which attempts to defeat the right of T. J. Rutledge, because at the time he acquired his interest in the land the respondent was in the actual and exclusive possession of it, is insufficient, for the reason above stated, and for the additional reason that, if the averment as to possession could, by any sort of construction, be held to have been adverse—which it cannot—the principle which makes conveyances of lands void if executed when a third person is in the ad-verse possession of them, has no application where, as here, the interest or estate is acquired by devolution un-der the statutes. The reason for holding conveyances void under such circumstances is to prevent mainte-nance and champerty. The other defense attempted to be asserted by this plea is not sufficiently stated, for the reason assigned with respect to the insufficiency of plea 5.

Plea 6 is founded upon the same facts set out in the fourth plea, and attempts to invoke an estoppel against the complainant T. J. Rutledge. Its sufficiency does not seem to be insisted on in brief of appellant's coun-sel. But, if insistence were made, the plea is clearly bad. Not a single element of estoppel is averred.

The ninth paragraph of the answer was not made a plea, as seems to be supposed by appellant's counsel.

We cannot assume that it was so treated by the court below.

Finding no error in the record, the decree appealed from must be affirmed.

Affirmed.

HARALSON, SIMPSON, and DENSON, JJ., concur.